No. 32,578

Owen-Fields, *Appellee*, v. The Allen W. Hinkel Dry Goods
Company, *Appellant*.

(53 P. 2d 496)

Opinion filed January 25, 1936.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr., Verne M. Laing*
and *G. K. Purves, Jr.*, all of Wichita, for the appellant.

*E. L. Foulke, Roy H. Wasson* and *C. E. Robb*, all of Wichita, for the
appellee.

The opinion of the court was delivered by

Smith, J.: This was an action upon a verified account. It was
filed in the city court of Wichita. Judgment was had there for the
plaintiff for $1. The plaintiff attempted to appeal to the district
court of Sedgwick county. Judgment there was for plaintiff in the
full amount of his claim. Defendant appeals.

The plaintiff filed this action in the city court of Wichita to re-
cover $208 from defendant. Defendant filed a verified answer deny-
ing liability and at the same time filed a cross bill of particulars
for $104 against plaintiff. Judgment was given for plaintiff in the
sum of $1. Plaintiff attempted to appeal by filing notice of appeal
and by filing an appeal bond in the following words and figures:

"Whereas, the plaintiff, the Owen-Fields, Inc., intends to appeal to the dis-
trict court of said county from a judgment rendered in favor of the plaintiff
Owen-Fields, Inc., for the sum of $1 and costs on 9th day of November, 1934,
by the city court of Wichita.

"Now, we the undersigned, residents of said county, bind ourselves to the
defendant in the sum of 100 dollars, that said plaintiff shall prosecute its ap-
peal to effect and without unnecessary delay, and satisfy such costs and the
costs of this appeal in the city court and the district court as may be rendered
against it therein."

Soon after this appeal was docketed defendant moved to dismiss

the appeal on the ground that no valid appeal bond had been filed within the required time. The district court held that the bond was defective because it was for a stated amount and was only given to pay the costs that should be adjudged against the plaintiff. The court held, however, that the bond was sufficient to confer jurisdiction on the district court, and permitted plaintiff to file an amended bond. A new bond, which did not have the two defects of the first bond, was then filed.

We have concluded that the appeal bond did not comply with the statute and did not confer any jurisdiction on the district court. (See *Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; and *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009.)

Defendant argues that the first bond that was given was an attempt to comply with the statute as to appeal and furnishing bond and that since there was a bond of some sort to pay costs it conferred jurisdiction on the district court and plaintiff should have been permitted to amend it. An examination of the bond discloses that it binds the sureties on it to pay such costs as should be assessed against the party making the appeal. With this provision in the bond it comes under the rule laid down in the cases cited above.

Plaintiff argues that the defendant waived the deficiency in the bond when it filed its answer and cross bill of particulars. These were first filed when the case was pending in the city court of Wichita. At that time there was no thought of an appeal bond. Later, after the filing of the amended bond, defendant did secure leave and file an amended answer and cross petition. Plaintiff contends that by this action defendant waived any deficiency in the appeal bond. Defendant had raised the question of the insufficiency of the bond. Its motion to dismiss had been denied. The district court was about to try the case on its merits. Under such circumstances defendant was not compelled to depend on his motion to dismiss being good and stand by and let plaintiff take judgment.

The judgment of the district court is reversed with directions to dismiss the appeal.