HERMAN SHOCKMAN v. JOHN E. DAVIS AND DANIEL WELLS.

No. 167.

APPEAL BOND—*sureties on, liable only for amount named in.* The sureties upon an undertaking in appeal from a justice of the peace are liable for the whole amount of the debt, costs and damages, provided the same does not exceed the sum nominated in the undertaking.

Error from Montgomery District Court. Hon. J. D. McCue, Judge. Opinion filed November 10, 1897: *Affirmed.*

504 SHOCKMAN V. DAVIS.

S. Dept. Opinion. Dennison, P. J. 6 Kan. App.

*Jos. Chandler*, for plaintiff in error.

*J. D. McCue* and *A. B. Clark*, for defendants in error.

DENNISON, P. J. This is an action upon an under-taking in appeal, brought in the District Court of Montgomery County, Kansas. The plaintiff in error sued one Sydney Sparks in justice's court, and recovered a judgment of twenty-five dollars and costs. Sparks filed an undertaking in justice's court in due form in the sum of sixty dollars, which was signed by the defendants in error herein as sureties. The undertaking was duly approved by the justice and the case sent to the district court. Judgment was rendered therein against Sparks for the sum of $28.75, with interest until paid, and costs amounting to the sum of $279.10 exclusive of the fees of Sparks's witnesses. The judgment and costs remaining unpaid, an execution was issued and returned unsatisfied. This action was thereupon commenced by Shockman against these defendants in error to recover from them the judgment, interest and costs, amounting to $320.15 exclusive of Sparks's witnesses. Judgment was rendered in the District Court in favor of said Shockman against these defendants in error as such bondsmen, in the sum of $60 and $14.25 costs. Shockman brings the case here for review and asks us to decide the one question, Are the bondsmen who sign a statutory appeal bond in justice's court, liable for the whole amount of the judgment and costs rendered in the district court, provided they exceed the sum nominated in the bond? The statute requires:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by such justice, in a sum

not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned : *First*, that the appellant will prosecute the appeal to effect and without unnecessary delay ; and, *second*, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs ; said undertaking need not be signed by the appellant," etc.  ¶ 4973, Gen. Stat. 1889.

The liability of the surety is fixed by paragraph 4979, *supra*, which reads as follows :

"When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant."

In construing these two sections of the Code, we decide that the sureties are liable for the whole amount of the debt, costs and damages, provided the same does not exceed the amount nominated in the undertaking.  This construction gives force and effect to each and every word in the two sections, and also to section 131 (¶ 4981, *supra*), which reads as follows :

"In proceedings on appeal, when the surety in the undertaking shall be insufficient, or such undertaking may be insufficient in form or amount, it shall be lawful for the court, on motion, to order a change or renewal of such undertaking, and direct that the same be certified to the justice from whose judgment the appeal was taken, or that it be filed in said court."

The party appealing shall give an undertaking in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs. The sureties shall be liable for the whole amount of the debt, costs and damages recovered against the appellant.  When the undertaking shall be insufficient in form or amount, it shall be lawful for the court, on

506            SHOCKMAN v. DAVIS.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

motion, to order a change or renewal of such undertaking.

These are the requirements of the statute. It was the duty of the attorney for the plaintiff in error, to file with the court a motion for an increase in the amount of the bond, when he found that sixty dollars was insufficient to cover the amount of the debt and the accrued and accruing costs.

If the contention of the plaintiff in error is correct, that the sureties are liable in excess of the sum named in the bond, why should the statute provide for any amount of bond to be given, or why should the court be given power to order a change in the amount of such bond? These provisions would be useless and absurd. The Legislature evidently recognized the fact that the sureties were liable for only the amount named in the undertaking, and provided a means whereby the appellee may protect himself if the bond is insufficient in amount. "A statute should be so construed that effect be given if possible to every clause and section of it." *Bridge Co. v. K. P. Rly. Co.*, 12 Kan. 413.

The judgment of the District Court is affirmed.