No. 36,487

R. E. MATHER, *Appellee,* v. ELBY KESTER and EVELYN KESTER, *Appellants.*

(164 P. 2d 99)

Opinion filed December 8, 1945.

*David F. Carson* and *David W. Carson,* both of Kansas City, were on the briefs for the appellants.

*Justus N. Baird,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from an order of the district court

of Wyandotte county dismissing an appeal from the city court of Kansas City.

From a judgment rendered against them in the city court, the defendants filed notice of appeal to the district court and an appeal bond. In the district court the plaintiff filed his motion that the attempted appeal be dismissed for the reason that no appeal bond was ever filed as provided by law. That motion was sustained by the district court, and the defendants have appealed to this court.

Appellee has filed a motion to dismiss the appeal to this court for the reason appellants were late in filing their abstract as well as their brief. We have considered the motion, appellants' explanation for the delay, and the fact that appellee had ample time to prepare his brief before the matter was set for hearing, and conclude the appeal should not be dismissed.

It may be noted there is no question concerning the notice of appeal from the city court to the district court. The sole question is the sufficiency of the appeal bond, under G. S. 1935, 61-1002, which recites:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken *to secure the costs of the appeal* . . ." (Italics supplied.)

Without copying it in full, it may be said that the bond in the instant case contained three principal paragraphs. Under the first, the appellants and their surety were bound to the plaintiff in the penal sum of fifty dollars; under the second they stated that they had appealed from the judgment of the city court against them; and under the third they bound themselves to secure the costs of the appeal and to pay the costs of the appeal.

The gist of appellant's argument is that the court should ignore the first two paragraphs of the bond and should consider only the third paragraph which, they contend, is an absolute obligation to secure the costs of the appeal without any limitation and therefore sufficient under the statute. No authorities in support of such a method of interpretation are cited. If that method be adopted, the liability of the surety is unlimited, and if the costs amount to one hundred dollars he is liable therefor. No reason appears why the bond, in all its parts, is not to be considered, and we think it should be. The general rule is that a surety on an appeal bond is not liable beyond the penalty named in it. See 4 C. J. 1290; 5 C. J. S. 1605;

3 Am. Jur. 777; *Shockman v. Davis,* 6 Kan. App. 503, 50 Pac. 947; *Burchfield v. Haffey,* 34 Kan. 42, 7 Pac. 548. If appellants' contention were sustained, this rule would be cast aside. On the assumption that their contention as to how the bond should be construed is proper, appellants direct our attention to two decisions as supporting their argument the bond is sufficient. The first is *In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813. That case arose in the probate court. This court held the sufficiency of a bond on appeal to the district court was to be determined by the provisions of the act pertaining to decedents' estates and not of the code of civil procedure before justices. The second case is *Glover v. State Highway Comm.,* 147 Kan. 279, 77 P. 2d 189. It was there held that sufficiency of a bond on appeal from an award by condemnation commissioners was to be determined by the statutes for appeals in condemnation proceedings, and not by the provisions of the civil code before justices. In our opinion neither of the above decisions supports appellants' contention, even assuming it is otherwise free from objection.

Insofar as the city court of Kansas City is concerned, it is provided by statute that the laws of this state relating to pleadings, practice and proceedings in justice courts, not in conflict with the act creating the court, shall apply to the court. (G. S. 1935, 20-2102.) Therefore our decisions dealing with bonds on appeal from justice courts to the district court are controlling. We need notice but two of them.

*Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080, involved an appeal from an award of damages for change of grade. The applicable statute provided for an appeal in the same manner as from judgments of a justice of the peace. A bond was filed with the city clerk in which the signatories bound themselves in the sum of $250 to secure the costs of the appeal. Later a second bond with the same penal sum to prosecute the appeal without unnecessary delay was filed with the city clerk. Still later two other bonds with like penal sums were filed with the clerk of the district court. This court stated the question was whether such bonds, singly or collectively, were void, and incidentally, whether the court should have permitted amendment by striking out the limitation of $250. A review of our statutes was made and the court concluded the bond was insufficient, saying it was not insufficiency of sureties which was lacking, that—

"It was the bond itself—the contract obligation. The men who signed this appeal bond may be as rich as Croesus, but they did not bind themselves unreservedly to secure the costs of the appeal." (l c. 166.)

*In re Fredelake,* 148 Kan. 432, 82 P. 2d 1090, involved an appeal from an award by county commissioners in a proceeding to relocate a county road. The statute provided for appeals in the same manner as in appeals from judgments of justices of the peace in civil cases. A landowner attempted to appeal and gave a bond with a penal sum of $100. On motion the appeal was dismissed and the landowner appealed to this court, which held:

"In an attempted appeal from an award of damages of a board of county commissioners in a proceeding to relocate a county road, the bond given was in a specified amount. *Held,* that such bond did not comply with the provisions of G. S. 1935, 61-1002, and the appeal was properly dismissed." (Syl.)

Under the two decisions last mentioned the bond on appeal was not sufficient, and the district court properly dismissed the appeal.

The judgment of the district court is affirmed.