No. 31,046

The Auto Trunk Company, *Appellee,* v. John W. Hahn, doing business as The Hahn Motor Company, *Appellant.*

(23 P. 2d 585.)

Opinion filed July 8, 1933.

*W. S. Norris, F. C. Norton* and *H. L. Smither,* all of Salina, for the appellant. *Ralph Knittle,* of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the district court of Saline county sustaining a motion to dismiss an appeal to that court from the city court of Salina. The question involved is whether a bond to secure the cost of the appeal was given, as provided by statute.

In the action brought in the city court of Salina that court rendered judgment in favor of plaintiff and against defendant for $230.92 and for costs in the sum of $4.95. Within ten days after the judgment was rendered defendant filed in the city court his notice of appeal to the district court, and on the same date filed a bond entitled "appeal bond," the obligation of which reads:

"Now we, the undersigned, residents of said county, bind ourselves to the plaintiff in the sum of five hundred dollars, that said defendant shall prosecute his appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against him therein."

This was signed by the defendant and one surety and was approved by the judge of the city court, who made up a transcript of the proceedings before him and transmitted the same, together with the papers in the case, to the clerk of the district court, where it was regularly docketed. Thereafter plaintiff moved to dismiss the appeal for the reason that defendant failed to file in the city court a good and sufficient bond "to secure the cost of the appeal," as provided by section 2 of chapter 229 of the Laws of 1931 (R. S. 1931 Supp. 61-1002). On the hearing of this motion defendant moved the court for leave to amend the appeal bond, in case the court deemed the bond insufficient in form, in such manner as to make it comply literally with the words of the statute, or for leave to file a new bond. This request was denied, the motion to dismiss the appeal was sustained, and defendant has appealed to this court.

Chapter 229 of the Laws of 1931 (now R. S. 1931 Supp. 61-1001 to 61-1003a inclusive) revised in several respects the previous sections of the statute (R. S. 61-1001, 61-1002, 61-1003) relating to appeals in civil actions from justice of the peace and city and county courts. One of the purposes sought to be accomplished by the statute was to separate entirely the appeal itself from a stay of proceedings for the enforcement of the final judgment. Under

the older statute a defendant against whom the judgment had been rendered, who desired to appeal to the district court, had to give a bond in double the amount of the judgment and costs. Cases had arisen in which that was a decided hardship. One of the purposes of the new statute was to permit appeals to be taken without the giving of a bond to stay the proceedings for a final judgment. Several other purposes were accomplished by the statute, but since they are not pertinent here we need not enumerate them. To perfect the appeal under the new statute two things are necessary: The party desiring to appeal must file a notice of appeal, specifying the order or judgment from which the appeal is taken, within ten days from the ruling or judgment. This notice need not be served upon the opposing party or his counsel, but it must be a notice of appeal and must be filed in the court from which the appeal is taken. This is an essential step in the appeal. (*Brockman v. Bayman,* 135 Kan. 238, 10 P. 2d 31.) Since it is conceded in this case that the notice of appeal was filed as required by this section, we need give this point no further attention.

The second thing which the party appealing is required to do is to file a good and sufficient bond in the court from which the appeal is taken "to secure the cost of the appeal." In lieu of this bond he may, if the facts warrant it, file a poverty affidavit; but that was not done in this case. The statute then reads: "And thereupon the appeal shall be deemed perfected." So the two things made by the statute essential to perfect the appeal are: (1) The filing of the notice of appeal, and (2) filing a bond "to secure the cost of the appeal." These are essential in order that an appeal may be perfected. The procedure is clearly stated and one easy to follow.

The third section of the statue specifies the orders, rulings and judgments from which an appeal may be taken. The fourth section describes the duties of the justice or judge from whose court the appeal is taken, and how the appeal shall be tried in district court, and the fifth section provides for the staying of proceedings for the enforcement of a final judgment by the giving of a bond described therein. The bond given in this case conforms substantially to the requirement of section 5. No bond was given "to secure the cost of the appeal," as required by section 2. The result is, the appeal was not perfected.

Appellant complains that the court denied him leave to amend the bond given, or to file a new bond, citing R. S. 61-1009 and cases

involving defective bonds. This statute and the authorities relied' upon would be applicable if a bond had been given in this case, attempting to conform to section 2 of the act, that was insufficient because of sureties or that was insufficient in form or amount; but since there had been no attempt to give a bond under section 2 of the act there was nothing to amend; hence, the court was justified in refusing to permit an amendment. The time had expired for the filing of a bond "to secure the cost of the appeal;" hence, it was not error to refuse permission to file a new bond.

The judgment of the court below is affirmed.