No. 31,457

A. B. CULP, *Appellee,* v. ED FEYH, *Appellant.*

(28 P. 2d 734.)

Opinion filed January 27, 1934.

*Reginald H. Glandon,* of Kansas City, for the appellant.

*W. L. Joyce,* of Paola, and *Fredrick Griffith,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action in justice court. The appeal from the justice court to the district court was dismissed. Defendant appeals.

Judgment was given in justice court for plaintiff. The defendant served upon counsel for plaintiff a notice of appeal to the district court. At the same time a deposit of $15 was deposited with the justice of the peace to secure the costs of appeal. No appeal bond

was filed. Plaintiff filed a motion to dismiss the appeal. This motion was sustained. It is from that order that this appeal is taken.

The section providing for appeals from justice court prior to the enactment of chapter 229 of the Laws of 1931 was R. S. 61-1002. It provided as follows:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned, first, that the appellant will prosecute the appeal to effect and without unnecessary delay; and second, that if judgment be rendered against him on the appeal he will satisfy such judgment and costs; said undertaking need not be signed by the appellant."

In *Beckwith v. K. C. & O. Rld. Co.*, 28 Kan. 484, this court passed on an attempt to appeal under this statute by making a deposit in lieu of an appeal bond. In that case it was held:

"The statute does not authorize a party attempting to appeal from the award of commissioners condemning the right of way through real estate for a railroad company to deposit money with the county clerk in lieu of entering into a written undertaking, as prescribed by the statute; and where a party attempting to appeal from the award fails, within the period specified by the statute, to enter into a written undertaking to the adverse party, the court commits no error in dismissing the appeal for want of an appeal undertaking."

In considering the matter the court said that since the statute had not been complied with no appeal had been taken, and since no bond had been filed it could not be urged that the bond was simply insufficient or irregular. The conclusion was that nothing whatever had been done toward perfecting an appeal until after the time for taking an appeal had passed.

Defendant urges upon our attention an amendment to R. S. 61-1002. It is R. S. 1931 Supp. 61-1002, and is as follows:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal, unless, by reason of his poverty, he is unable to give security for costs, which fact shall be shown by affidavit filed in said court at the time the appeal is taken. And thereupon the appeal shall be deemed perfected."

Also, R. S. 1931 Supp. 61-1001, which is as follows:

"All appeals from justice of the peace and city and county courts in civil cases shall be by notice of appeal specifying the order, ruling, decision or judgment complained of, and shall be filed in the court from which the ap-

peal is taken within ten days from the date of such order, ruling, decision or judgment."

It is argued by defendant that when he filed the notice his appeal was perfected and that he should have been permitted to file a bond for costs when he filed his motion for permission to do so. We have concluded, however, that there is only one way to take an appeal. Two things must be done. A notice must be filed and an appeal bond given. There is no provision for a deposit of cash in lieu of a bond. The two sections must be construed together. When so construed both sections must be complied with within ten days. This was not done. Therefore, the motion to dismiss the appeal was properly sustained.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.