## No. 31,046

THE AUTO TRUNK COMPANY, *Appellee*, v. JOHN W. HAHN, doing business as the HAHN MOTOR COMPANY, *Appellant*.

(29 P. 2d 1115.)

Opinion denying a rehearing filed March 10, 1934. (For original opinion of affirmance see 138 Kan. 36, 23 P. 2d 585.)

*W. S. Norris, F. C. Norton* and *H. L. Smither,* all of Salina, for the appellant.
*Ralph Knittle,* of Salina, for the appellee.

The Wichita Bar Association, as *amicus curiæ,* by *W. D. Jochems, George Siefkin, Ray Tinder, J. D. Wall* and *Charles E. Jones,* all of Wichita; *H. W. Hart, Glenn Porter* and *Enos E. Hook,* all of Wichita, as *amici curiæ.*

The opinion of the court was delivered by

HARVEY, J.: A rehearing was granted because of the urgent appeals of counsel appearing as *amici curiæ* for a modification of the second paragraph of the syllabus and corresponding portion of original opinion (138 Kan. 36, 23 P. 2d 585), wherein it was ruled the trial court committed no error in refusing appellant permission to amend the bond given or to file a new bond. On the rehearing the matter was argued and additional briefs filed, all of which have been duly considered. What is to be written now is somewhat of a repetition of that which has been said heretofore.

Prior to the passage of chapter 229 of the Laws of 1931, one appealing a civil action from a justice court, or a city or county court, using that procedure, was required to give a bond with at least one good surety in a sum not less than fifty dollars nor less than double the amount of the judgment and accrued costs, conditioned that he

would prosecute the appeal to effect and without unnecessary delay, and if judgment be rendered against him on appeal he would satisfy such judgment and costs. (R. S. 61-1002.) In many cases this was found to work hardships, which the legislature undertook to remedy by chapter 229 of the Laws of 1931 (now R. S. 1933 Supp. 61-1001 *et seq.*). By this statute appeals in such cases are made easy. But two things are required to be done by the party desiring to appeal: (1) File his notice of appeal within ten days, and (2) give a bond to secure the cost of the appeal. "And thereupon the appeal shall be deemed perfected." The notice filed must be a "notice of appeal," not something which by indirection might be construed into such a notice. (*Brockman v. Bayman*, 135 Kan. 238, 10 P. 2d 31.) And the bond given must be "to secure the cost of the appeal," not one given for some other purpose. A cash deposit will not take its place. (*Culp v. Feyh*, 138 Kan. 854, 28 P. 2d 734.) It is not given for any specific amount; neither is it given to secure accrued costs; nor is it given to secure the costs of but one of the parties to the appeal, or to secure such costs, as but one of the parties to the appeal is adjudged by the appellate court to pay. It is a bond to *secure* the costs of the appeal irrespective of which party may be adjudged by the appellate court to be primarily liable to pay them. The theory of the statute is this: A trial has been completed in one court in which such security for costs had been given as was required by the court, or by statute, and liability for accrued costs had been fixed. The defeated party desires a trial in the district court. In a sense he starts over. He files his notice of appeal, and he gives a bond to secure the costs of such appeal. That is all, but that much is essential. Now it is clear the appellant in this case did not attempt to give that kind of a bond, nor think he was giving it; nor is it contended now that he did give it. The most that is contended now is that he gave some kind of a bond, which can be construed under some circumstances to impose some of the liabilities which would be imposed by the bond essential by statute to perfect the appeal. It would be going far indeed to say that this was a serious attempt to comply with the law. Never having attempted to give this bond, he had nothing there to amend. The time having gone by for the bond to be given, the court correctly refused to permit a new bond. Counsel argues that many attorneys, because they were not conversant with this statute, or for some other reason, did not comply with it, and that the result of the holding of the court may be dis-

astrous to them.   We can determine the questions in those cases only if and when they are presented to us.   Certainly not all the. serious results suggested are likely to follow.   A few unfortunate results of failure to comply with the statute may be better than to interpret the statute in such a way as to destroy the beneficial results sought to be accomplished by it.

The former opinion of the court is adhered to.