No. 33,483

FRANCES JENSEN and T. JENSEN & SONS, a Copartnership, *Appellants, v.* THE CITY OF CHANUTE, *Appellee.*

(68 P. 2d 1080)

Opinion filed June 12, 1937.

O. R. Stites, of Emporia, *James A. Allen* and *B. M. Dunham,* both of Chanute, for the appellants.

. T. R. Evans, of Chanute, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The question in this appellate review pertains to the legal sufficiency of an appeal bond from an award of damages for altering the grade of a city street.

In brief the facts were these: About ten years ago appellants acquired certain town lots in Chanute which were conveniently situated for the establishment of a plant for the purchase of poultry, eggs and cream, and for packing, processing and shipping the same to markets by rail or road.

Accordingly appellants constructed a two-story brick building, 50 feet by 110 feet, with refrigeration equipment and the usual

paraphernalia pertinent to such an industry. In time annexes were constructed as the expanding needs of the business required. The total investment was about $50,000, and the business was successfully operated thereat until the summer of 1936, when the matters about which appellants are aggrieved were instituted on the initiative of the state highway commission and the city government of Chanute.

Somewhere in the vicinity of appellants' establishment the state highway commission decided to construct an overpass across certain railway tracks thereabout. This apparently necessitated an alteration in the grade of Lincoln street in front of appellants' property, and the city government caused that to be done. So great has been this alteration of the grade of the street, according to the contention of appellants, that the main floors of appellants' buildings are from nine to ten feet below grade, with the result that parking facilities in front of the property no longer exist, and ingress and egress to the property has been virtually destroyed and the buildings rendered unfit for the business for which they were constructed.

The governing body of the city appointed appraisers to assess appellants' damages. At a hearing of some sort (the record is obscure on this point) certain witnesses testified that the damages would amount to $30,000 or $35,000. The appraisers assessed the damages at $3,000, and the city's governing body confirmed the award.

Plaintiffs appealed to the district court, complaining of the inadequacy of the award. They served notice of appeal, and executed and filed with the city clerk an appeal bond which, after the pertinent preliminary recitals, reads:

"Now, therefore, We, the undersigned, residents of said county, bind ourselves to the city of Chanute, a municipal corporation, in the sum of two hundred and fifty dollars ($250), to secure the costs of this appeal.

| J. F. Joy, | Frances Jensen, |
| Floyd Arnold, | T. Jensen & Sons, |
| Sureties. | A Copartnership, |
| | By: John C. Jensen, |
| | A Member of Said Firm." |

The sureties qualified before a notary, representing that they were resident citizens, and that each of them was worth $250 over and above all exemptions, debts and liabilities.

The city clerk endorsed the bond with his approval "as to amount, but not as to legal sufficiency."

On the same day, May 22, 1936, appellants filed a second bond with the city clerk with the same sureties, with substantially the same preliminary recitals, and continuing thus:

"Now, therefore, we, the undersigned, residents of said county, bind ourselves to the city of Chanute, a municipal corporation, in the sum of two hundred and fifty dollars ($250), conditioned that said appellants, Frances Jensen, and T. Jensen & Sons, a copartnership, composed of John C. Jensen, F. B. Jensen and Ernest Jensen, shall and will prosecute the appeal without unnecessary delay, and satisfy the judgment which may be rendered against them."

On the same day appellants executed and filed *two* other appeal bonds with the clerk of the district court, with substantially the same recitals as contained in those filed with the city clerk. In *one* the signatories bound themselves in the sum of $250 conditioned that claimants "will prosecute the appeal without unnecessary delay, and satisfy the judgment which may be rendered against them"; and in the *other* they bound themselves in the sum of $250 "to secure the costs of this appeal."

When the cause was called for hearing in the district court a jury was empaneled and sworn, and counsel for plaintiffs made an opening statement. Counsel for the city followed with a motion to dismiss the appeal on the ground that the court had no jurisdiction of the parties or of the subject matter, for the reason that the appeal bond did not conform to the requirements of the statute and was void. After argument the trial court indicated that defendant's motion would have to be sustained.

Thereupon counsel for claimants moved for permission to amend the appeal bond for costs by striking out the words "in the sum of two hundred fifty dollars ($250)," and to file an amended bond identical with the one then on file with the quoted words omitted. This motion was overruled. Counsel for claimants then sought permission of the court "to order a change or renewal" of the bond and to "direct that the same be certified as provided" in G. S. 1935, 61-1009. This motion was overruled. Other matters of no present concern were summarily disposed of and judgment was entered in favor of the city.

The claimants appealed.

The single question they present is whether their appeal bonds, singly or collectively, were void; and incidental thereto whether the court should have permitted one of the bonds to be amended by

striking out the limitation of liability to $250, or should have permitted "a change or renewal" of the bond as provided in G. S. 1935, 61-1009.

The statute under which a city like Chanute (of the second class) is authorized to change the grade of its streets is G. S. 1935, 12-632. Property owners who are dissatisfied with the damages awarded to them by order of the governing body of the city may appeal to the district court as follows:

"Appeals may be taken to the district court from said order of the council [or city commissioners] in the same manner and within the same time as from judgments of a justice of the peace." (G. S. 1935, 12-634.)

Turning now to the pertinent statute governing appeals from a justice of the peace, G. S. 1935, 61-1002, in part, reads:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal. . . ."

It is undeniable that none of the *four* bonds filed by the claimants conformed to this statutory requisite. There was, indeed, a bond in which the signatories bound themselves in the sum of $250 to *secure* the costs of the appeal. But only for $250, no more. Here was a formidable lawsuit with a clearly defined controversy of fact to determine whether $3,000 was an adequate award of damages to a business establishment which cost $50,000 or more, within the last ten years, and where claimants contended it was rendered useless for the business for which it was constructed.

There was no showing that the costs of the appeal would be within the limits of the liability for which the sureties were willing to be bound. The bond did not comply with the statute. It was therefore void, and in consequence the district court had no jurisdiction of the appeal.

Since its enactment in 1931 this court has been earnestly and repeatedly urged to modify this particular statute by rules of interpretation. But we have been constrained to hold that there is no ambiguity in the statute, consequently its potency cannot be minimized by interpretation. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; Id., 139 Kan. 17, 29 P. 2d 1115; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009; *Owen-Fields v. Allen W. Hinkel D. G. Co.,* 143 Kan. 184, 53 P. 2d 496.)

In respect to the refusal of the court to grant the motion "to order a change or renewal of such undertaking" under G. S. 1935, 61-1009,

a careful reading of that section will show that it is wholly inapplicable. If the *surety* of the appeal bond *may* be insufficient in form or amount, the statute says it shall be lawful for the court to order a change or renewal, with directions. But the insufficiency òf the sureties is not what was lacking in this bond. It was the bond itself—the contract obligation. The men who signed this appeal bond may be as rich as Croesus, but they did not bind themselves unreservedly to secure the costs of the appeal.

It appears that claimants or their counsel sought and were denied permission to strike out the limitation of liability. We cannot say that this ruling was erroneous. The record does not show that the sureties had authorized so radical a change and probable enlargement of their obligation. Nor can we say that the court erred in overruling the motion to permit a new bond to be filed. The court had already rendered its decision when that request was made. The record does not show that such a bond would have been forthcoming if it had been permitted. Moreover, if the suggested later bond had been actually executed and filed, and the sufficiency of its sureties and the extent of their obligation had been unqualified, it is fairly to be inferred from the record that it would have been too late to confer jurisdiction of the appeal, and this was one of the vital functions of a proper bond from the inception of the appeal.

The judgment is affirmed.

WEDELL, J., not sitting.