No. 33,942

In the Matter of the Appeal of TONY FREDELAKE; In the Matter of the Appeal of HENRY FREDELAKE—Consolidated.

(82 P. 2d 1090)

Opinion filed October 8, 1938.

*Howard Rooney*, of Dodge City, for the appellants.

*E. C. Minner*, of Dodge City, and *Harold Zimmer*, county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an appeal from an award made by a board of county commissioners in a proceeding to relocate a county road. A motion of the county attorney to dismiss the appeal on account of a defect in the appeal bond was sustained. Claimants appeal.

There were four separate awards made denying claimants' claim for damages. In each case the appeal was to the district court by filing notices of appeal and appeal bonds. These bonds were substantially alike and were as follows:

"Appeal Bond

"Witnesseth: That whereas Henry Fredelake did on September 16, 1937, appeal from the action of the board of county commissioners of Ford county, Kansas, taken on September 7, 1937, in which said board did deny his claim for damages in connection with the relocating of the road between sections eight (8) and five (5), township twenty-six (26), range twenty-one (21), Ford county, Kansas, and partitioned for by Joseph B. Klenke, et al., of Wheatland township, Ford county, Kansas.

"Now, therefore, The undersigned, Henry Fredelake, as principal, and Tony Fredelake, as surety, are held and firmly bound unto the state of Kansas in the penal sum of $100. The condition of this bond is such that if the costs of said appeal are paid promptly when due, and if the said Henry Fredelake will prosecute said appeal without unnecessary delay, then this bond shall be void; otherwise in full force and effect."

The county attorney on behalf of the county commissioners filed motions to dismiss these appeals because the bonds were each in the penal sum of $100. When the motion came on to be heard it was agreed that all the cases should be consolidated and heard together. The trial court dismissed the appeals.

At this hearing the trial court heard evidence as to the accrued costs in the cases and as to the probable costs. The court made the following finding:

"The court further finds that if the court had the power to fix the amount of said bonds, the court would find that said bonds are good and sufficient to secure the costs of said appeals; the court further finds as a matter of law under the present decisions of the supreme court of Kansas that said bonds are legally insufficient to confer jurisdiction on the court for the reason that said bonds are in the penal sum of $100."

Claimants argue that since the record discloses and the court found in effect that the amount in which the bonds were given was adequate to pay whatever the costs would amount to, then the bonds should have been held to be good and sufficient as provided in the statute. This argument depends for its potency on the power of the trial court to make the finding quoted.

The pertinent statutes are as follows: G. S. 1935, 68-107, which reads:

"Any person feeling himself aggrieved by the award of damages made by the board of county commissioners may appeal from the decisions of said board of county commissioners to the district court upon the same terms, in the same manner and with like effect as in appeals from judgments of justices of the peace in civil cases . . ."

434

And G. S. 1935, 61-1002, which reads:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal. . . ."

This court has held that under the above statutes the filing of a proper bond was jurisdictional and that in· order for a bond to confer jurisdiction on a trial court, compliance must be had with the statute. See *Jenson v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080, and cases cited. The result is that the trial court had no jurisdiction to make any findings in these appeals. No appeal had been perfected.

The judgment of the trial court is affirmed.