No. 35,222

MONTGOMERY WARD AND COMPANY, *Appellee*, v. FRANK ELLIS, *Appellant*.

(114 P. 2d 802)

Opinion filed July 5, 1941.

S. L. Lashbrook, Peter Couture, A. Harry Crane and Ward D. Martin, all of Topeka, for the appellant.

Willard H. Shaffer, Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson and Ralph W. Oman, all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is the second appearance of this case in this court. (152 Kan. 320, 103 P. 2d 817.) It originated as an action in the court of Topeka for the purchase price of two "motor-scoots." In that court the defendant prevailed, and plaintiff attempted to appeal to the district court by giving a bond the sufficiency of which was challenged by defendant's motion to dismiss. While that motion was pending, plaintiff filed a motion to change the appeal bond. The district court overruled defendant's motion to dismiss and sustained plaintiff's motion to allow the appeal bond to be changed.

From the adverse ruling on his motion to dismiss defendant ap-

pealed to this court. We dismissed that appeal on the ground that the district court's denial of his motion to dismiss was not a final order and was not appealable.

Thereafter the cause was tried in the district court. Plaintiff prevailed, and defendant brings the cause here again, still urging that the district court erred in overruling his motion to dismiss. He also assigns error on the trial court's ruling which sustained plaintiff's motion to change the appeal bond.

The plaintiff moves to dismiss this appeal on the ground that "no appeal has been taken from the order of the district court refusing a dismissal and permitting the appeal bond to be changed." Touching the first ground of appellee's motion, it is difficult to follow the theory of it. Its counsel argue that "the decision on the first appeal determined all questions appellant now asks this court to decide." On the contrary, this court decided nothing whatever, except the point that at the stage of the lawsuit pending in the trial court that court's order denying a motion to dismiss the appeal from the city court was not a final order and not appealable.

Touching the second point urged in appellee's motion to dismiss—that no appeal has been taken from the order of the district court permitting the appeal bond to be changed—defendant's notice of appeal signifies his intention to seek a review of various matters, the first of which reads:

"That the court had no jurisdiction of the subject matter of this cause of action because a good and sufficient bond to secure the costs of appeal, was not filed as required by G. S. 1935, 61-1002."

It is true that defendant also contends that the district court erred in sustaining plaintiff's motion to be permitted to change the appeal bond, but we shall waste no time disposing of this later point. The statute specifically declares that an appeal bond which is insufficient may be changed on motion and order of court. (G. S. 1935, 61-1009.) But where the purported bond is so wanting in the statutory requisites to perfect the right of appeal, the district court does not acquire jurisdiction of the cause, and its order permitting the defective bond to be changed is void.

Recurring to the first ground mentioned in defendant's notice of appeal, which is also the basis of his first assignment of error, we have to notice *what sort of change* was made in the appeal bond from the one first tendered and objected to. The tenor of the first bond was that plaintiff and its surety "will pay the costs in the above

case as set forth in the judgment, in case the said judgment shall be affirmed, in whole or in part." It is, of course, too clear for debate that a bond of such limited and conditional character did not conform to the statute which requires that "the party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal." (G. S. 61-1002; *Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; Id., 139 Kan. 17, 29 P. 2d 1115; *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080, *In re Fredelake,* 148 Kan. 432, 82 P. 2d 1090.)

It is a general rule of appellate review that questions of jurisdiction arising on the face of the record cannot be ignored, although the parties to the appeal may be content to waive them. (*Tucker v. Tucker,* 97 Kan. 61, 154 Pac. 269; *In re Richards,* 106 Kan. 105, 186 Pac. 1025, syl. ¶ 2; *Harper v. School District,* 120 Kan. 52, 242 Pac. 128; *In re Estate of Doyle,* 152 Kan. 23, 30, 31, 103 P. 2d 52. See, also, "Courts," in 8 Fourth Dec. Dig., §§ 23, 24.)

The obligatory terms of the *changed* bond which the trial court permitted to be filed in lieu of the first insufficient one were that plaintiff and its surety "will pay the costs of appeal in said case, in case the said judgment shall be affirmed, in whole or in part." We are bound to hold that this second bond is not one whit better than the first—under the rule announced in the Auto Trunk Company cases and the later cases cited above. The *second* appeal bond, like the *first,* only bound the plaintiff and its surety conditionally—that they would pay the costs of appeal in case the judgment should be affirmed in whole or in part, and not otherwise. Such a bond did not obligate the maker and surety to secure the costs of the appeal. Suppose plaintiff should win its lawsuit on appeal and the city court's judgment be reversed? Ordinarily the defendant would be adjudged to pay the costs. But suppose defendant was judgment proof? How would the witness fees and other court costs be paid? Under either of the appeal bonds tendered by plaintiff, there would be no bond "to secure the costs of the appeal." Because the legislature intended that such a situation should not arise, and also intended to make adequate provision to secure the costs of the appeal irrespective of the outcome of the appeal, the statute was enacted as it now stands.

This court has no alternative but to enforce the statute as written; and it follows that as the second or "changed" appeal bond was defective, the district court never acquired jurisdistion of the case

which plaintiff sought to appeal from the judgment of the city court. The judgment of the district court must therefore be reversed with instructions to dismiss plaintiff's appeal from the city court. It is so ordered.