No. 37,104

In the Matter of the Appeal of Ed Coyle and Lila Coyle (D. S. GRIGSBY, *Appellee,* v. ED COYLE and LILA COYLE, *Appellants*).

(196 P. 2d 181)

446

Opinion filed July 10, 1948.

*Joe T. Rogers* and *Roy L. Rogers,* both of Wichita, were on the briefs for the appellants.

*Paul R. Wunsch* and *Charles H. Stewart,* both of Kingman, and *W. Luke Chapin,* of Medicine Lodge, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order of the district court of Barber county dismissing an appeal from an award made by the board of county commissioners of that county in a proceeding to locate and open a private road on the ground the appeal bond given by the parties attempting to appeal from such award was so defective as to require a dismissal of the appeal.

The facts are not in controversy and can be briefly stated: One D. S. Grigsby instituted proceedings before the board of county commissioners of Barber county to open a private road across land belonging to Ed and Lila Coyle. The petition was allowed and viewers were appointed by the board to appraise the damages resulting from the location of the road. The amount allowed and assessed by such viewers as damages was approved and confirmed by the board. It was considerably less than what had been claimed by the owners of the land and they gave notice of appeal to the district court. There they filed an appeal bond which in part reads:

"Now we, the undersigned residents of said County, bind ourselves to Barber County, State of Kansas, or to the said Board of County Commissioners of said County, or to the State of Kansas, as the case may be, in the sum of one hundred dollars ($100) that the said Ed Coyle and Lila Coyle shall prosecute their appeal to effect, and without unnecessary delay, and comply with the order of the said Board of Commissioners if judgment be rendered against them, and pay all costs that may be therein assessed."

In district court Grigsby moved to dismiss the appeal proceeding on the ground no legal bond had been filed and therefore the court had no jurisdiction. The trial court found the bond was insufficient. The Coyles then made application for permission to file another bond which was denied. Thereupon the court sustained the motion and dismissed the appeal. This appeal is from that ruling.

Before recital or discussion of the issues reference should be made to provisions of the statute governing appeals to the district court from awards made by boards of county commissioners in road proceedings.

G. S. 1945 Supp. 68-107, in force and effect on all dates herein involved, provides for the taking of appeals to the district court in such cases. Its pertinent provisions read:

"Any person feeling himself aggrieved by the orders made by the board of county commissioners or viewers, may appeal from the decision of said board of county commissioners or viewers to the district court upon the same terms, in the same manner and with like effect as in appeals from judgments of justices of the peace in civil cases. If no appeal to the district court is had within a period of ten days from the date of the final hearings as fixed by the county commissioners, then the assessment shall become final."

Thus it appears that if appellants desired a review of the award made by the board of county commissioners they were required to file an appeal bond in conformity with the requirements of G. S. 1935, 61-1002, providing for appeals from judgments of justices of the peace. That section reads:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal, unless, by reason of his poverty, he is unable to give security for costs, which facts shall be shown by affidavit filed in said court at the time the appeal is taken: . . . And thereupon the appeal shall be deemed perfected."

As grounds for reversal of the trial court's judgment appellants contend: First, that the appeal bond complies with the requirements of the section of the statute last quoted. Second, that even if it was insufficient they should have been permitted to file a new bond.

Since the enactment of Laws of 1931, ch. 229, § 2, now G. S. 1935, 61-1002, this court has repeatedly held (1) that the filing of a proper bond pursuant to its terms is jurisdictional, and (2) that a bond (a) in an amount certain or (b) conditioned upon compliance with the judgment appealed from only in the event of rendition of judgment against the appealing parties is void for failure to comply with its requirements (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009; *Owen-Fields v. Allen W. Hinkel D. G. Co.,* 143 Kan. 184, 53 P. 2d 496; *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080; *In re Frede-lake,* 148 Kan. 432, 82 P. 2d 1090; *Montgomery Ward & Co. v. Ellis,* 154 Kan. 131, 114 P. 2d 802; *Mather v. Kester,* 160 Kan. 658, 164 P. 2d 99).

Most of the decisions heretofore cited involve the sufficiency of bonds given on appeals from judgments rendered by justices of the peace. Notwithstanding they are decisive because of the statutory

requirement (G. S. 1945 Supp., 68-107) that the attempted appeal now under review must have been perfected upon the same terms, in the same manner and with like effect as appeals from such judgments. Moreover, we point out the rule therein announced has been specifically applied and followed with respect to the sufficiency of bonds on appeal from awards made by boards of county commissioners in road proceedings (*In re Fredelake,* supra) and city commissioners in street proceedings (*Jensen v. City of Chanute,* supra).

The gist of appellants' argument in support of their first contention is that since *Auto Trunk Co. v. Hahn,* supra, down to the present date our decisions with respect to the sufficiency of appeal bonds of the character here involved have been wrong. That claim has long since been considered and determined. See page 165 of the opinion in *Jensen v. City of Chanute,* supra, where it was said:

"Since its enactment in 1931 this court has been earnestly and repeatedly urged to modify this particular statute by rules of interpretation. But we have been constrained to hold that there is no ambiguity in the statute, consequently its potency cannot be minimized by interpretation (citing cases). (p. 165.)

That we adhere to the view expressed in the foregoing quotation is evidenced by our subsequent decisions. Therefore, based on the decisions heretofore cited, since the instant appeal bond is not only limited as to amount but liability thereunder is contingent upon appellants' failure to successfully maintain their appeal, we hold such bond to be void and wholly insufficient to confer jurisdiction on the district court.

Appellants' claim the provisions of G. S. 1935, 61-1009, authorized and permitted the filing of a new bond or the amendment of the one already on file and that the district court erred in refusing to allow them to do so has been decided adversely to their contention in well-considered decisions to which we also adhere (See *Auto Trunk Co. v. Hahn,* 139 Kan. 17, 29 P. 2d 1115; *Owen-Fields v. Allen W. Hinkel D. G. Co.,* supra; *Morse v. Schaake,* supra; *Jensen v. City of Chanute,* supra).

In *Montgomery Ward & Co. v. Ellis,* supra, in disposing of an identical contention, we held:

"Although a defective bond given to perfect an appeal from a city court to the district court may be amended or changed as permitted by statute, a void bond cannot—following *Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; *Id.,* 139 Kan. 17, 29 P. 2d 1115." (Syl. ¶ 2.)

And at page 132 of the opinion said:

"It is true that defendant also contends that the district court erred in sustaining plaintiff's motion to be permitted to change the appeal bond, but we shall waste no time disposing of this later point. The statute specifically declares that an appeal bond which is insufficient may be changed on motion and order of court. (G. S. 1935, 61-1009.) But where the purported bond is so wanting in the statutory requisites to perfect the right of appeal, the district court does not acquire jurisdiction of the cause, and its order permitting the defective bond to be changed is void."

*Burke v. Missouri-K-T Rld. Co.*, 132 Kan. 625, 296 Pac. 380, heavily relied on by appellants as sustaining their contention they should have been permitted to file a new bond was decided prior to the enactment of Laws of 1931, ch. 229 § 2, now G. S. 1935, 61-1002, at a time when the provisions of the statute pertaining to the essentials of a bond for the perfection of a valid appeal from a judgment of a justice of the peace (R. S. 1923, 61-1002) were far different, and we might add much less stringent, than those now in force and effect. Therefore such decision cannot be regarded as sustaining appellants' position.

The order and judgment of the district court dismissing the appeal is affirmed.