No. 38,089

THOMAS SHANNON and POLLIE SHANNON, *Appellees*, v. BOOKER T. DANIELS, *Appellant*.

(224 P. 2d 1002)

Opinion filed December 9, 1950.

*Claude E. Sowers,* of Wichita, argued the cause, and was on the briefs for the appellant.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action in peaceable entry and forcible detainer. Judgment was entered for plaintiffs in the city court of Wichita. The defendant attempted to appeal to the district court. There, on motion of the plaintiffs, the district court struck the appeal bond from the files and dismissed the appeal. The defendant then asked permission to file an amended bond. This was denied. Defendant has appealed to this court.

The bond filed in the city court was as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we, Booker T. Daniels, as principal, and Gertrude B. Johnson, as surety, are held and firmly bound unto Thomas Shannon and Pollie Shannon in the sum of $640.00 which represents double the amount of ten months' rent in the sum of $32.00 per month, payment of which, well and truly to be made, we hereby bind ourselves and our executors and administrators firmly by these presents. Dated this 12th day of December, 1949.

"The condition of the above obligation is such that if judgment is taken in Case No. 93738, appeal to the District court, against this Principal and his Surety in favor of Thomas Shannon and Pollie Shannon in unlawful detainer action for the amount of rent that the above principal and surety will pay in the amount of $32.00 per month on 1100 East Seventeenth Street to the said Thomas Shannon and Pollie Shannon, in as many months as are past due in said amount upon the date of rendering judgment in unlawful detainer;

"That said principal and his surety have executed a stay of execution bond and bond for costs, same having been approved, and stand ready and able to

pay all obligations pertaining hereto to satisfy judgment if and when rendered against them.

"Now, Therefore, if the said Booker T. Daniel shall well and truly pay and perform and satisfy the obligation as set forth herein then the above obligation is to be null and void; otherwise to be and remain in full force and effect.

"Booker T. Daniel, principal, and Gertrude Johnson, surety, being personally known to me have hereunto subscribed their signatures to the above instrument before me a Notary Public in and for the County of Sedgwick, State of Kansas, this 12th day of December, A. D. 1949."

The first point argued by defendant is that the court erred in holding the foregoing bond was void and not sufficient to vest the district court with jurisdiction. The statute under which this bond was given is G. S. 1935, 61-1011. That section provides as follows:

"In appeals taken by the defendant in actions for the forcible entry and detention or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy, and if upon the further trial of the cause judgment be rendered against him he will pay double the value of the use and occupation of the property, from the date of the undertaking until the delivery of the property pursuant to the judgment, and all damages and costs that may be awarded against him."

In the first place, it will be noted the bond must be given not to commit waste and there is no limit provided in the statutes as to the amount; second, it must bind the parties if judgment goes against the tenant he will pay double the value of the use and occupation of the premises. Again the limit as to amount and amount recoverable is not the rent fixed in any lease but the value of the use and occupation of the premises.

There is very little to distinguish this case from *Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585. There the appeal bond from the city court was limited in the amount of $500. There was a motion to dismiss the appeal and on the hearing a request for leave to amend the bond. The request was denied and the appeal dismissed. We pointed out that the statute required the bond be given "to secure the costs of the appeal." We held that since the bond was limited in amount it did not conform to the requirements of the statute "to secure the costs of the appeal."

On the question whether the trial court erred in denying the appellant leave to amend the bond we held that there had been no attempt to comply with the statute and there was nothing to amend and the trial court was correct in refusing to permit an amendment.

There is much more reason for applying the reasoning of the

Hahn case to the bond and statute in this since this bond must be given not to commit waste and to pay double the use and value of the property. This bond did not comply with that statute in any particular. (See, also, *Morse v. Schaake*, 141 Kan. 473, 41 P. 2d 1009.)

In *Owen-Fields v. Allen W. Hinkel D. G. Co.*, 143 Kan. 184, 53 P. 2d 496, the trial court under similar circumstances, as we have here, permitted a new bond to be filed and proceeded to hear the appeal and enter judgment. We said. "We have concluded that the appeal bond did not comply with the statute and did not confer any jurisdiction on the district court." We there cited the opinion to which reference has already been made here. (See *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.*, 141 Kan. 213, 40 P. 2d 337; also *Jensen v. City of Chanute*, 146 Kan. 162, 68 P. 2d 1080.)

We see no reason to change the rule stated in these opinions. It follows the trial court ruled correctly in dismissing the appeal and denying defendant's application for permission to file a new bond.

The judgment of the trial court is affirmed.