No. 38,448

C. A. Vesper, *Appellant*, v. A. J. Brier, *Appellee.*

(238 P. 2d 702)

Opinion filed December 8, 1951.

*Charles Rooney,* of Topeka, argued the cause and was on the briefs for the appellant.

*C. K. Sayler,* of Topeka, argued the cause, and *Harry K. Allen, L. M. Ascough,* and *John A. Bausch,* also of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the Shawnee district court sustaining a motion to dismiss an appeal to that court from the Court of Topeka. Appellee filed suit in the Court of Topeka against appellant to recover for damage to property in an automobile collision. Trial was had, and judgment rendered for plaintiff (appellee here) for $112.50 and costs. Defendant appealed to the district court filing an appeal bond as hereinafter set forth. Appellee moved to dismiss the appeal on the ground that appellant had failed to post a bond to secure the costs of appeal as required under G. S. 1949, 61-1002, and his motion was sustained by the district court. Appellant thereafter brought the case here, the sole question being as to sufficiency of the bond filed.

G. S. 1949, 61-1002, relating to appeals from justice or city courts in civil cases, provides:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken to secure the costs of the appeal, unless, by reason of his poverty, he is unable to give security for costs. . . ."

The appeal bond filed in the instant case provided:

"That said defendant will pay all costs of said appeal, as the Court may order and direct."

The lower court in sustaining appellee's motion to dismiss said that "the statute requires an absolute condition that the costs of the appeal should be paid while in this bond it provides that only such costs of appeal shall be paid as the Court may order and direct."

Appellant admits that if the words "as the court may order and direct" are construed to be words of limitation and a curtailment of the obligation of the bond, he cannot prevail. But he contends that these words are different in effect from those which this court has held in previous appeal bond cases were limitations on the obligation, that they are really surplusage and of no effect, and merely recognize appellant's willingness to submit to the order of the court.

This court has on many occasions examined purported appeal bonds to determine whether they complied with the provisions of G. S. 1949, 61-1002, and has consistently held that the obligation to secure the costs of appeal must be absolute and unconditional, and that on failure to comply strictly with the provisions of that statute, the appeal was not perfected and no jurisdiction vested in the appellate court to hear the case. Where the purported bond lacks the statutory requisites to perfect the right of appeal, the district court does not acquire jurisdiction of the cause.

Soon after the passage of the statute in question, a case somewhat similar to the instant case was before this court (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585). The pertinent part of the purported bond read "to satisfy such judgment and costs as may be rendered against him therein," and we said one of the essential requirements is that the party appealing file a good and sufficient bond in the court from which the appeal is taken "to secure the costs of the appeal," and that the appeal bond given did not comply with the statute. See also *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009, and *Grigsby v. Coyle,* 165 Kan. 445, 196 P. 2d 181.

This court has consistently applied a strict construction to the terms of G. S. 1949, 61-1002. In *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080, we said:

"Since its enactment in 1931 this court has been earnestly and repeatedly urged to modify this particular statute by rules of interpretation. But we have been constrained to hold that there is no ambiguity in the statute, consequently its potency cannot be minimized by interpretation. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; Id., 139 Kan. 17, 29 P. 2d 1115; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009; *Owen-Fields v. Allen W. Hinkel D. G. Co.,* 143 Kan. 184, 53 P. 2d 496.)"

In the case of *Montgomery Ward & Co. v. Ellis,* 154 Kan. 131, 114 P. 2d 802, the appellant filed two bonds. The first obligated the plaintiff therein to pay the costs in case the judgment be affirmed in whole or in part. The second bond obligated the plaintiff and its surety to pay the costs of appeal in case the judgment should be affirmed in whole or in part. The court held both bonds conditional and void, stating that the second appeal bond, like the first, only bound the plaintiff and its surety conditionally—that they would pay the costs of appeal in case the judgment should be affirmed in whole or in part, and not otherwise. We said in that case:

"Such a bond did not obligate the maker and surety to secure the costs of the appeal. Suppose plaintiff should win its lawsuit on appeal and the city court's judgment be reversed? Ordinarily the defendant would be adjudged to pay the costs. But suppose the defendant was judgment proof? How would the witness fees and other court costs be paid? Under either of the appeal bonds tendered by plaintiff, there would be no bond 'to secure the costs of the appeal'. Because the legislature intended that such a situation should not arise, and also intended to make adequate provision to secure the costs of the appeal irrespective of the outcome of the appeal, the statute was enacted as it now stands. This court has no alternative but to enforce the statute as written . . ."

The same reasoning stated by the court in the Montgomery Ward case, *supra,* is applicable to the bond in the instant case. When a bond obligates a party to pay the costs of appeal as the court may order and direct, he has not unreservedly and unconditionally obligated himself to pay the costs of appeal. The statute governing such bond, G. S. 1949, 61-1002, requires an obligation to "pay the costs of appeal," period. It is clear, unambiguous, and easy to follow. The obligation to pay the costs of appeal must be absolute, regardless of what the court may order and direct.

The appeal bond given in the instant case did not provide for the unequivocal payment of the costs in any event and was therefore void; consequently the district court did not acquire jurisdiction of the appeal. The judgment is affirmed.

PARKER, J., not participating.