No. 40,625

JULIAN C. SOGN, *Appellant,* v. VIVIAN RATT, *Appellee.*

(313 P. 2d 253)

Opinion filed July 3, 1957.

*Rollie P. Emmitt, Jr.,* of Pittsburg, was on the briefs for the appellant.
*Charles H. Menghini,* of Pittsburg, was on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This appeal is from an order of the district court of Crawford County, Kansas, dismissing an appeal from the city court of Pittsburg.

From a judgment rendered against him in the city court, the plaintiff filed notice of appeal to the district court and an appeal bond. In the district court, the defendant filed his motion to dismiss the appeal for the reason that the plaintiff failed to file in the city court an appeal bond as provided by G. S. 1949, 61-1002.

The court sustained the motion to dismiss the appeal for the reason that plaintiff failed to file a good and sufficient bond "to secure the costs of appeal" as provided by the above statute.

The sole question in this appeal is the sufficiency of the plaintiff's appeal bond filed in the court below, under G. S. 1949, 61-1002.

The material part of the appeal bond in question reads:

"Know all men by these presents that we . . . as principal and surety respectively, do hereby bind ourselves, our heirs, executors, and administrators to the above named court and to the above named defendant to secure the costs of said appeal, and that said plaintiff shall prosecute their said appeal to effect, and without unnecessary delay, and satisfy the judgment and costs that may be rendered against them on such appeal."

The statute provides:

"The party appealing shall file a good and sufficient bond in the court from which the appeal is taken *to secure the costs of the appeal.* . . ." (Italics supplied.)

The defendant contends that the three clauses of his bond are independently contractual clauses and that none are dependent on the other; that inasmuch as one of the clauses of the bond is in the language of the statute, to wit: "to secure the costs of said appeal," the additional independent clauses are only additional obligations and not limitations on the liability of the bond.

This court has been called upon many times to examine appeal bonds filed under G. S. 1949, 61-1002 and to determine their sufficiency.

The court has held that two essential elements are necessary to perfect an appeal under the statute. They are:

"(1) The filing of the notice of appeal, and
"(2) filing a bond 'to secure the cost of the appeal'."

We are only concerned with the second requirement.

The court has consistently held that the obligation "to secure the costs of the appeal" must be absolute and unconditional and on failure to comply strictly with the provisions of the statute, the appeal is not perfected and the court does not acquire jurisdiction of the case. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009; *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080; *In re Fredelake,* 148 Kan. 432, 82 P. 2d 1090; *Montgomery Ward & Co. v. Ellis,* 154 Kan. 131, 114 P. 2d 802; *Mather v. Kester,* 160 Kan. 658, 164 P. 2d 99; *Grigsby v. Coyle,* 165 Kan. 445, 196 P. 2d 181; and *Vesper v. Brier,* 172 Kan. 84, 238 P. 2d 702.)

The contention of the defendant has been previously passed upon by this court.

Soon after the passage of the statute in question a similar case was before this court in *Auto Trunk Co. v. Hahn,* supra. In that case the bond provided:

"'. . . that said defendant shall prosecute his appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against him therein.'"

Since the bond did not recite the statutory language "to secure the costs of the appeal," a motion to dismiss was sustained. A mo-

tion for leave to amend the bond was made which was denied. This court decided the bond and the efforts to amend it were properly dismissed.

In *Jensen v. City of Chanute,* supra, after notices of appeal, the following appeal bond was filed:

" '. . . in the sum of two hundred and fifty dollars ($250), to secure the costs of this appeal. . . .' "

On the same day a second bond was filed which provided:

" '. . . in the sum of two hundred and fifty dollars ($250), conditioned that said appellants . . . shall and will prosecute the appeal without unnecessary delay, and satisfy the judgment which may be rendered against them.' "

The court said:

"There was no showing that the costs of the appeal would be within the limits of the liability for which the sureties were willing to be bound. The bond did not comply with the statute. It was therefore void, and in consequence the district court had no jurisdiction of the appeal.

"Since its enactment in 1931 this court has been earnestly and repeatedly urged to modify this particular statute by rules of interpretation. But we have been constrained to hold that there is no ambiguity in the statute, consequently its potency cannot be minimized by interpretation. (*Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; Id., 139 Kan. 17, 29 P. 2d 1115; *Ohio Hydrate & S. Co. v. H. W. Underhill C. Co.,* 141 Kan. 213, 40 P. 2d 337; *Morse v. Schaake,* 141 Kan. 473, 41 P. 2d 1009; *Owen-Fields v. Allen W. Hinkel D. G. Co.,* 143 Kan. 184, 53 P. 2d 496.)

". . . The men who signed this appeal bond may be as rich as Croesus, but they did not bind themselves unreservedly to secure the costs of the appeal."

In *Montgomery Ward & Co. v. Ellis,* supra, a "changed" bond was involved.

The first bond provided:

". . . 'will pay the costs in the above case as set forth in the judgment, in case the said judgment shall be affirmed, in whole or in part.' . . ." (p. 132.)

The court said:

". . . It is, of course, too clear for debate that a bond of such limited and conditional character did not conform to the statute . . ."

The changed bond provided:

". . . 'will pay the costs of appeal in said case, in case the said judgment shall be affirmed, in whole or in part.' . . ."

The court said:

". . . We are bound to hold that this second bond is not one whit better than the first—under the rule announced in the Auto Trunk Company cases and the later cases cited above. The *second* appeal bond, like the *first*, only bound the plaintiff and its surety conditionally—that they would pay the costs of appeal in case the judgment should be affirmed in whole or in part, and not otherwise. Such a bond did not obligate the maker and surety to secure the costs of the appeal. . . . Because the legislature intended that such a situation should not arise, and also intended to make adequate provision to secure the costs of the appeal irrespective of the outcome of the appeal, the statute was enacted as it now stands." (p. 133.)

*Mather v. Kester*, supra, is very similar on its facts in the instant case. The court said:

"Without copying it in full, it may be said that the bond in the instant case contained three principal paragraphs. Under the first, the appellants and their surety were bound to the plaintiff in the penal sum of fifty dollars; under the second they stated that they had appealed from the judgment of the city court against them; and under the third they bound themselves to secure the costs of the appeal and to pay the costs of the appeal.

"The gist of appellant's argument is that the court should ignore the first two paragraphs of the bond and should consider only the third paragraph which, they contend, is an absolute obligation to secure the costs of the appeal without any limitation and therefore sufficient under the statute. No authorities in support of such a method of interpretation are cited. If that method be adopted, the liability of the surety is unlimited, and if the costs amount to one hundred dollars he is liable therefor. No reason appears why the bond, in all its parts, is not to be considered, and we think it should be. The general rule is that a surety on an appeal bond is not liable beyond the penalty named in it. See 4 C. J. 1290; 5 C. J. S. 1605; 3 Am. Jur. 777; *Shockman v. Davis*, 6 Kan. App. 503, 50 Pac. 947; *Burchfield v. Haffey*, 34 Kan. 42, 7 Pac. 548. . . ." (pp. 659, 660.)

The most recent decision of the court on the subject of this appeal is *Vesper v. Brier*, supra. The appeal bond in that case provided:

" 'That said defendant will pay all costs of said appeal, as the Court may order and direct'."

The appellant in the Vesper case admitted that if the words "as the court may order and direct" are construed to be words of limitation and a curtailment of the obligation of the bond, he could not prevail. But he contended that these words were different in effect from those which the court had held in previous appeal bond cases were limitations on the obligations and that they were really sur-

plusage and of no effect, merely recognizing appellant's willingness to submit to the order of the court.

After reviewing the cases cited therein the court held:

". . . When a bond obligates a party to pay the costs of appeal as the court may order and direct, he has not unreservedly and unconditionally obligated himself to pay the costs of the appeal. The statute governing such bond, G. S. 1949, 61-1002, requires an obligation to 'pay the costs of appeal,' period. It is clear, unambiguous, and easy to follow. The obligation to pay the costs of appeal must be absolute, regardless of what the court may order and direct.

"The appeal bond given in the instant case did not provide for the unequivocal payment of the costs in any event and was therefore void; consequently the district court did not acquire jurisdiction of the appeal. . . ." (p. 86.)

Defendant's contention that the bond on this appeal is distinguishable from the previous cases decided by this court is without merit. The words "and satisfy the judgment and costs that may be rendered against them on such appeal" clearly condition liability under this bond "to secure the costs of the appeal." The bond was void and the district court correctly decided it had no jurisdiction to hear the appeal.

The judgment is affirmed.