No. 42,200

JOHN L. EIDSON and ESTELLA M. EIDSON, *Appellants*, v. CLIFFORD A. PALMQUIST, County Engineer and Ex-officio County Surveyor of Riley County, and VICTOR L. FINCHAM, County Engineer and Ex-officio County Surveyor of Pottawatomie County, *Appellees*.

(362 P. 2d 626)

Opinion filed June 10, 1961.

*Harvey D. Ashworth*, of Topeka, argued the cause, and *A. Harry Crane*, *Ward D. Martin*, *Arthur L. Claussen* and *Raymond L. Spring*, all of Topeka, were with him on the briefs for the appellants.

*John F. Stites*, county attorney of Riley county, argued the cause, and *Charles D. Green*, city attorney for the city of Manhattan, and *James Sullivan*,

county attorney of Pottawatomie county, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an action arising out of an appeal to the district court of Pottawatomie county from a joint report of a survey by the county surveyors of Riley and Pottawatomie counties to establish the boundary line between the respective counties, as provided by G. S. 1949, Ch. 19, Art. 14. Plaintiffs filed a purported appeal bond, as hereinafter set forth. Defendants (appellees) moved to dismiss the appeal on the ground that plaintiffs had failed to post a good and sufficient appeal bond, as required by G. S. 1949, 19-1426. This motion was sustained by the trial court. Plaintiffs thereafter brought the case here, the sole question being the sufficiency of the bond filed by them.

Section 19-1426 provides in pertinent part:

"Upon the filing of the report of each survey, any person interested in the same can at any time within thirty days thereafter appeal to the district court, by filing with the county surveyor a notice of his intention to appeal, and by giving a bond, to be approved by the clerk of the district court, *conditioned for the payment of costs of the appeal if the report of the county surveyor shall be affirmed by the court.* Upon the filing of such notice and bond the county surveyor shall certify the appeal to the clerk of the district court, . . ." (Emphasis supplied.)

The bond filed by plaintiffs (appellants) reads in pertinent part:

"The conditions of this bond are such, that, whereas, on the 22nd day of January, 1960, the county engineer and ex-officio county surveyor of Riley County, Kansas, and the county engineer and ex-officio county surveyor of Pottawatomie County, Kansas made a survey of the boundary and corners of the following described property:
[description]
and filed their joint report thereof in their respective offices on said date, from which said joint report the above John L. Eidson and Estella M. Eidson, his wife, have appealed to the District Court.

"Now, THEREFORE, if the said John L. Eidson and Estella M. Eidson, his wife, *shall pay all the costs of said appeal in case they shall become obligated and adjudged to pay the same, then this obligation shall be void.* Otherwise, to remain in full force and effect." (Emphasis supplied.)

The substance of plaintiffs' contention is that the aforementioned statute should be liberally construed and that the bond given by them was in sufficient compliance therewith.

Defendants contend that the appeal bond must be absolute and

unconditional and that if the bond in any way limits the liability, it confers no jurisdiction on the trial court to hear the appeal.

The statute prescribes a simple procedure for perfecting an appeal, but two essential requirements must be met by the appealing party: (1) He must file a notice of his intention to appeal within thirty days from the date of the filing of the county surveyor's report, and (2) he must give a bond for the payment of costs of the appeal if the report of the county surveyor shall be affirmed by the trial court. This procedure is clearly stated and easy to follow.

This court has on many occasions examined purported appeal bonds in other types of cases to determine if they complied with the provisions of the appropriate statutes, and we have consistently held that the obligation to secure the costs of an appeal must be absolute and unconditional, and that on failure to comply with the strict provisions of the statute, the appeal is not perfected and no jurisdiction to hear the case is vested in the district court. When the purported bond lacks the statutory requisites to perfect the right of appeal, the district court does not acquire jurisdiction of the cause. (*Sogn v. Ratt,* 181 Kan. 638, 313 P. 2d 253; *Vesper v. Brier,* 172 Kan. 84, 238 P. 2d 702; *Auto Trunk Co. v. Hahn,* 138 Kan. 36, 23 P. 2d 585; id., 139 Kan. 17, 29 P. 2d 1115; *Jensen v. City of Chanute,* 146 Kan. 162, 68 P. 2d 1080.)

In the instant case, the function of the county surveyors in conducting the survey under the statute was to locate the boundary between the respective counties. Title to property is not involved in such a proceeding (*Boyer v. Champeny,* 125 Kan. 319, 263 Pac. 1066).

The legislature, in its wisdom, made provisions for appeal by any interested person from the report of such a survey and specifically provided the manner in which such appeal shall be taken; that is, "by giving a bond . . . for the payment of costs of the appeal if the report of the county surveyor shall be affirmed by the court." In the instant case, the bond given obligated the plaintiffs to "pay all the costs of said appeal in case they shall become obligated and adjudged to pay the same." Plaintiffs did not unreservedly and unconditionally obligate themselves to pay the costs if the report of the surveyors were affirmed, as the statute requires. The obligation to pay the costs of appeal must be absolute, regardless

of what the trial court may order or direct. The purported appeal bond given in the instant case did not provide for the unequivocal payment of the costs, as required by G. S. 1949, 19-1426, and therefore conferred no jurisdiction on the district court in said proceedings.

Plaintiffs contend that section 19-1426 should be liberally construed, as was G. S. 1949, 26-102 in the appeal of an eminent domain proceeding, *Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189. A close survey of these two statutes reveals that there is a significant difference in the language. Section 26-102 merely requires giving a bond for costs. Section 19-1426, aforementioned, is much more exacting and explicit, is definite and without any ambiguity, and is an obligation conditioned for the payment of costs of the appeal if the report of the survey shall be affirmed by the trial court. There is no provision in the statute for the court to otherwise assess the costs. The mandate of the legislature cannot be enlarged by supplied language or by strained interpretation. It was competent for the legislature to prescribe the conditions upon which an appeal may be taken, and it made the provisions of the bond an essential requirement. No substitute method of bond is sufficient.

The legislature had a purpose in placing this requirement in the appeal bond. Section 19-1427 provides for the apportionment of the cost of the survey among the landowners, according to their respective interests. The interested landowners, not a public body, must bear the cost of the survey. Those landowners who are not appealing should be protected from paying costs of an appeal by one or more dissatisfied landowners. In the instant case, if the trial court, after affirming the report of the county surveyors, had the authority to tax costs and failed to tax them against the plaintiffs, then the costs would fall on the non-appealing interested landowners. It is clear that the counties would not be forced to bear any of the costs of the survey or of the appeal therefrom. The legislature, in attempting to guard against such a situation, placed on the appealing party the absolute obligation to pay the costs of the appeal if the survey should be affirmed.

It follows that the appeal bond given in the instant case did not provide for the unequivocal payment of costs of the appeal in the event the report of the survey should be affirmed by the court, and

it was therefore ineffectual. Consequently, the district court did not acquire jurisdiction of the appeal. The judgment is affirmed.

It is so ordered.

FATZER, J., dissents, being of the opinion the appeal bond substantially complies with G. S. 1949, 19-1426, and confers jurisdiction upon the district court to hear the appeal.