C. E. JONES, et al., v. J. T. MENEFEE.

1. CASE-MADE; *Power of Court.* The district courts have the power to prescribe by general rule that cases-made shall, after the suggestion of amendments, be noticed for settlement within a certain time, and a failure to comply with such rule is sufficient reason for the courts refusing to settle and sign the case-made.

2. RULE, *Made by District Court.* The district court of the fourth judicial district made the following rule: "RULE 25. Wherever a party shall have duly made and served a case, and the opposite party shall have served amendments thereto, the party preparing the same shall notice the same for settlement within ten days after the service of such amendments, or he shall be deemed to have abandoned his case, and the same will not thereafter be settled or allowed." *Held,* That this rule applied to all cases-made, and whether any extension of the time for making the case had been granted or not.

3. ——— *Valid Rule.* The same court also made the following rule: "RULE 7. Admissions or agreements about proceedings in an action will not be enforced unless reduced to writing, and signed by the parties or their attorneys, and filed, or unless the same be made in open court at the time the court is required to act upon them." *Held,* That this rule is valid.

4. ——— *Conduct of Counsel.* While unfair and misleading conduct on the part of one counsel may sometimes justify a court in refusing to enforce such a rule in his favor and against the opposing counsel, yet, *held,* in this case the conduct of counsel was not such as would justify this court in reversing the decision of the district court enforcing the rule.

*Error from Franklin District Court.*

AT the May Term, 1881, of the district court, plaintiff *Menefee* had judgment against defendants *Jones* and another, for the recovery of the possession of certain real estate. September 27, 1881, the court overruled defendants' applica-

tion for an order directing the service of notice of the time at which the case-made herein should be presented for settlement. This ruling defendants bring here. The opinion states the facts.

*Beeson & Baker*, for plaintiffs in error.

*A. W. Benson*, for defendant in error.

The opinion of the court was delivered by

· BREWER, J.: The matter complained of in this case is, the refusal of the district court to fix a time for the settlement of a case-made. The facts are as follows: On the 25th day of May, 1881, defendant in error obtained a judgment in the district court of Franklin county for the recovery of the possession of certain real estate. May 26, 1881; a motion for a new trial was made and overruled, and sixty days were given in which to make a case. On July 21, the case-made was duly served. On July 25, amendments were suggested. On September 27, plaintiffs in error applied to the court for an order directing the service of notice of the time at which the case should be presented for settlement. The court overruled this application, and did so by reason of a rule of practice adopted by the district court of that district on March 12, 1877, and ever since in full force, which rule reads as follows:

"RULE 25. Whenever a party shall have duly made and served a case, and the opposite party shall have served amendments thereto, the party preparing the same shall notice the same for settlement within ten days after the service of such amendments, or he shall be deemed to have abandoned his case, and the same will not thereafter be settled or allowed."

· As more than two months intervened between the service of amendments and this application to the court, if this rule is valid and applicable obviously there was no error in the decision of the court. Counsel challenge both its validity and its application. They claim that as by § 725 of the code express authority is given to the judges of the supreme court

to make rules of practice not inconsistent with the provisions of the code and applicable to all courts of record, it was the obvious intent of the legislature to refuse to the district courts the power of prescribing rules, and to secure uniformity throughout the state in all matters of practice by vesting the power of making rules alone in the justices of the supreme court. We cannot agree with counsel in this contention. We regard it as one of the inherent powers of a court of record to prescribe rules for the transaction of business before it, providing such rules in no way contravene or are inconsistent with the provisions of the statutes; and while doubtless by § 725 the legislature contemplated such action by the justices of the supreme court as would secure uniformity in the practice throughout the state, and while also doubtless any rule prescribed by said justices would supersede and set aside any rule by any district court in respect to the same matter, yet in the absence of any action by the justices of the supreme court or in respect to any matter in which they have taken no action, we do not doubt the power of the district court to prescribe rules regulating and controlling practice before it. We think a rule in respect to the time at which cases-made should be noticed for settlement is within the power of the district court, and that the rule prescribed in this case is a reasonable one; for it is not to be supposed that a district court will be able to bear in mind for a great length of time all the proceedings and testimony in cases tried before it; and in case of a difference between counsel, the settlement of such difference should be presented to the district court within some reasonably short time.

Again, § 549 in terms authorizes the court to direct notice to be given of the time at which a case is to be presented for settlement, and if the court has power to make a special order in each case, it of course has the power to make a general order applicable to all cases. We conclude therefore that the rule was valid. It is also applicable to the case at bar. Counsel argue that the rule only applies to cases made under § 548 — cases in which the time for making the case is not ex-

tended by the court—and does not apply to cases made under § 549, in which an extension of time is granted; and for this reason, because in § 549 it is expressly provided that the court may direct notice of the time of settlement, while § 548 is entirely silent in respect thereto, the rule being therefore intended to supply the omission in said section.    The argument is not good.    The language of the rule is general; the purpose is to direct the notice of the time and place of settlement in all cases, and whether the case is made under either section, and with or without an extension of time.    The court so interpreted its own rule, and we think correctly.

Again, counsel seek to evade the force of this rule by a showing of conduct on the part of opposing counsel, such as they claim estopped them from relying on this rule.    It appears from the affidavit of one of the attorneys, that at the time the case-made was served, John W. Deford, counsel for defendant in error, stated that he would necessarily have to go to Colorado, and if the suggestions of amendment which he should make were not satisfactory, that there might be some delay in the time of settlement; that he (Deford) expected to go to New York city after returning from Colorado, but would be present at the September court of Franklin county, and that he was anxious to settle the case after his return from Colorado, and before going to New York city.    Further, that upon the receipt of the suggestions of amendment, plaintiff's counsel wrote to said Deford stating that the amendments were not satisfactory, and requesting him to fix the time at which the parties should appear before the judge, to which said Deford replied by postal, that he would let them know in a day or two upon what day he could go before the judge; that they relied upon his statement, and expected said Deford to name the time until a few days before this application, when they were informed by J. E. Maxwell, Esq., that said Deford had been discharged from further service in the case. The postal sent by plaintiff's counsel to said Deford contained this language: "When shall we meet you before the

judge? Please fix time, and we will sign stipulation to send to judge. Why not put it for September term, Ottawa court? Can't get case in supreme court until January, anyway."

Another rule of practice in said district court, adopted at the same time as the one heretofore cited, was read in evidence: "RULE 7. Admissions or agreements about proceedings in an action will not be enforced unless reduced to writing, and signed by the parties or their attorneys, and filed; or unless the same be made in open court at the time the court is required to act upon them."

We need add nothing to what has already been said as to the power of the court to make a rule of this kind, or as to its validity. Obviously the rule was not complied with. No stipulation in writing was signed and filed, nor does it appear even that the minds of the respective counsel ever came to an actual agreement. The plaintiffs asked the defendant to name the time, but suggested a postponement to September, and the defendant, acknowledging the receipt, simply said he would inform them in a day or two when he could attend before the trial judge. It would seem from the conversation had at the time the case-made was served, that defendant was opposed to a delay till September, and preferred to have it settled sometime intermediate his trip to Colorado and that to New York. But with all that was said or written, it is evident that the parties never came to any agreement; and while perhaps there was that in the letter of defendant's attorney which might tend to induce delay upon the part of the plaintiffs, and something in the conduct of the case on the part of the defendant which deserves criticism, yet there is not enough to justify us in holding that the trial court erred in adhering strictly to its rules. We appreciate what is said by counsel as to the duty of discountenancing trickery and deceit and of upholding professional honor, and we wish the case had developed a different course of conduct on the part of the defendant; but it is also our duty to see that the value of established rules be not destroyed in

consequence of a failure to enforce them strictly. The ruling of the district court must be affirmed.

All the Justices concurring.