No. 42,703

EUGENE A. APPLEHANS, *Appellant,* v. PATRICIA JUNE BEEVER and ARNOLD E. BEEVER, *Appellees.*

(371 P. 2d 127)

Opinion filed May 5, 1962.

*Otto J. Koerner,* of Wichita, argued the cause, and *Lee R. Meador* and *John B. Wooley,* both of Wichita, were with him on the brief for the appellant.

*Robert L. Howard,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky,* and *Donald L. Cordes,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: Plaintiff filed an action in the court of common pleas of Sedgwick county to recover damages in the amount of $350 resulting from an automobile collision.

Following a trial on the merits, at which both parties were represented by counsel, judgment was rendered in favor of defendants.

Plaintiff, being dissatisfied with the decision, filed a bond and notice of appeal to the district court.

A copy of the notice of appeal and bond was *not* served on counsel for defendants.

After the matter reached the district court defendants filed the following motion:

"Comes now the defendant and moves the court for an order dismissing the appeal of plaintiff in the above captioned cause for the reason that the plaintiff's appeal is wholly ineffective for failure to comply with the Statutes of Kansas and the rules of this court."

Following argument thereon the district court sustained the motion to dismiss the appeal, and the pertinent portion of the order of dismissal reads:

"Court further finds that the plaintiff herein filed notice of appeal and bond in regular form but failed to deliver or mail copies of same to the attorneys of record for the defendant and by reason of the failure to deliver or mail copies of said bond and notice of appeal to defendant's attorney of record, the plaintiff's [*sic*] motion to dismiss the appeal of the plaintiff's should be and the same is sustained and the plaintiff's appeal is dismissed."

Plaintiff has appealed from the order of dismissal and the question presented is whether, under applicable statutes and certain rules of court, plaintiff was required to serve a copy of the notice of appeal and bond on counsel for defendants.

G. S. 1961 Supp., 20-2002, relating to the jurisdiction of and procedure in the court of common pleas, in material parts reads:

". . . In all other respects the said court hereby established shall have the same jurisdictions civil and criminal, as justices of the peace now have in this state, and for the purpose of the jurisdiction hereby conferred and of its proper and necessary exercise, all the laws of this state relating to the powers, duties and jurisdiction of justices of the peace, and practice, pleadings and proceedings in justice courts which are not in conflict with the provisions of this act shall apply to said court of common pleas and the judge thereof, and to the mode of practice therein, and to the power thereof, original, mesne and final, so far as the same may be applicable: . . ."

G. S. 1961 Supp., 20-2014a, provides:

"The judges of the court of common pleas of Sedgwick county, Kansas, shall, as occasion requires, prescribe uniform rules of practice, the direction of business and the hearing of motions *not inconsistent with the code of civil procedure.*" (Our emphasis.)

From the foregoing it will be seen that the statutes pertaining to practice, pleadings and procedure applicable to justice of the peace courts apply to the court of common pleas, with the further provision that the judges of the court of common pleas shall, as occasion requires, prescribe uniform rules of practice and the direction of business and the hearing of motions *not inconsistent with the code of civil procedure.*

A provision of our code of civil procedure (G. S. 1949, 60-3305) reads:

"Appeals from judgments of justices of the peace shall be taken in the manner provided in the act regulating the jurisdiction and procedure before justices of the peace in civil cases."

G. S. 1949, 61-1001, relating to appeals from justice courts in civil actions, reads:

"All appeals from justice of the peace and city and county courts in civil cases shall be by *notice of appeal* specifying the order, ruling, decision or judgment complained of, and shall be filed *in the court from which the appeal is taken* within ten days from the date of such order, ruling, decision or judgment." (Our emphasis.)

The next section, G. S. 1949, 61-1002, in material part, reads:

"The party appealing shall file a good and sufficient bond *in the court from which the appeal is taken* to secure the costs of the appeal, . . . *And thereupon the appeal shall be deemed perfected.*" (Our emphasis.)

In discussing the provisions of G. S. 1949, 61-1001, above, relating to the contents of and the filing of a notice of appeal, it was said in *Brockman v. Bayman,* 135 Kan. 238, 10 P. 2d 31:

"An appeal is effective when the notice is filed and security for costs given. . . . The notice is made the paramount step and a prerequisite to an effective appeal. It was competent for the legislature to prescribe the conditions upon which an appeal may be taken and it has made the notice a primary and essential requirement. . . . All that is required is to file the notice in the court that rendered the judgment within the time limited. It is not even required that the notice shall be served upon the adverse party, . . ." (p. 241.)

In discussing the requirements of G. S. 1949, 61-1001 and 1002, above, for appeals from justice, city and county courts, it was said

in *Auto Trunk Co. v. Hahn*, 138 Kan. 36, 23 P. 2d 585 (rehearing denied 139 Kan. 17, 29 P. 2d 1115):

"To perfect the appeal under the new statute two things are necessary: The party desiring to appeal must file a notice of appeal, specifying the order or judgment from which the appeal is taken, within ten days from the ruling or judgment. This notice need not be served upon the opposing party or his counsel, but it must be a notice of appeal and must be filed in the court from which the appeal is taken. . . .

"The second thing which the party appealing is required to do is to file a good and sufficient bond in the court from which the appeal is taken 'to secure the cost of the appeal.' . . . The statute then reads: 'And thereupon the appeal shall be deemed perfected.' " (p. 38.)

In *Wald v. Bukaty*, 139 Kan. 489, 32 P. 2d 456, the interpretation of G. S. 1949, 61-1001, was again before the court and one of the contentions was that *service* of the notice of appeal was necessary. In disposing of this argument it was held:

"The statute relating to notice of appeal from a city court (R. S. 1933 Supp. 61-1001) does not require service of notice in addition to filing." (Syl. 3.)

and said:

"The successful party gets his notice from the court files, and not from any extrinsic source, and if there is no notice on file, he may go his way knowing there is no appeal. . . .

"Defendant tenders an argument to the effect that service of notice is necessary in addition to filing. The court is of the opinion the statute of 1931, quoted above, contains and was designed to contain the full legislative requirement relating to notice, and the opinion in the Brockman case is adhered to." (p. 491.)

The foregoing cases makes it clear, therefore, that in order to perfect an appeal under G. S. 1949, 61-1001 and 1002, from a justice, city or county court, *service* of a copy of the notice of appeal and bond is *not* required.

Here, however, we have an additional factor entering into the picture.

Pursuant to the authority of G. S. 1961 Supp., 20-2014a, above, the judges of the court of common pleas adopted the following court rule:

"If adverse party in civil action has an attorney of record, a copy of all pleadings filed herein shall be mailed to said attorney."

One of the court rules adopted by the judges of the district court of Sedgwick county reads:

"Attorneys filing any pleadings subsequent to the petition, shall on or before the date the same is filed with the Clerk, deliver or mail a copy thereof to all attorneys of record for all adverse parties and shall state on the pleading file the date of mailing or delivery of such pleading."

As will be seen from the order of dismissal, above quoted, the appeal here was dismissed because of the failure of plaintiff to deliver or mail a copy of the notice of appeal and bond to opposing counsel.

In support of his contention that the appeal was erroneously dismissed—plaintiff makes two arguments:

First—that a notice of appeal is not a "pleading" within the legal definition of the term, and we are referred to G. S. 1949, 60-701, which defines "pleadings" as being "the written statements by the parties of the facts constituting their respective claims and defenses," and to G. S. 1949, 60-702, which provides that the only pleadings allowed are the petition by the plaintiff, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff, and the demurrer by the defendant to the reply of the plaintiff. (See also G. S. 1949, 61-601 and 602, pertaining to the filing and contents of a bill of particulars under the justice code.)

Second—that if a notice of appeal be deemed to be a "pleading," then the above-quoted rule of the court of common pleas requiring service by mail of a copy of all "pleadings" on opposing counsel enlarges and extends the requirements for the perfection of a valid appeal under G. S. 1949, 61-1001 and 1002, and thus is *inconsistent* with those sections.

Defendants, on the other hand, recognize that the statute (G. S. 1949, 61-1001) is silent as to service of the notice of appeal and that the decisions cited above hold that service is not required, but call attention to the fact that in those decisions no rule of court was involved and that they are authority only for the proposition as to what is required in order to *perfect* an appeal and have nothing whatever to do with the disposition of an appeal *after* it has been perfected. Reference also is made to the universal rule that courts have inherent power to prescribe rules of procedure for the transaction of business, provided they in no way contravene or are inconsistent with statutory provisions (*Jones v. Menefee*, 28 Kan. 436; *Lehnen v. Hines & Co.*, 88 Kan. 58, 62, 127 Pac. 612, 42 L. R. A. NS 830); that within the meaning and purpose of the two court rules, above quoted, the term "pleadings" includes *all* papers filed

in connection with a lawsuit; that in these days of crowded court dockets the orderly administration of justice dictates that opposing counsel be apprised of all papers filed, and that requiring service of a copy of the notice of appeal is not inconsistent with the statute and does not create an additional requirement as to the perfection of an appeal.

It is quite true that in the Brockman, Auto Trunk and Wald cases, above, no rule of court was involved. It also is true that courts possess—within the mentioned limitation—inherent power to prescribe rules for the transaction of business.

With respect to the above-quoted rule of the district court of Sedgwick county we have difficulty in seeing its application to the situation before us. We are concerned here with a notice of appeal and bond which, under the statutes (G. S. 1949, 61-1001 and 1002), are to be filed in the court from which the appeal is taken—the court of common pleas. Under G. S. 1949, 61-1003, the judge of that court is required to make up a complete transcript of the proceedings before him and transmit the same, together with all papers in the case, to the clerk of the district court, and until that is done the district court has nothing before it.

In view of the narrow issue presented in this case we are not called upon to decide the question whether the word "pleadings" in the above-quoted rule of the court of common pleas includes a notice of appeal and the statutory appeal bond. The question before us is whether an appeal—admittedly perfected in accordance with the applicable statutes—was properly dismissed by the district court because of failure to serve a copy of the notice of appeal and bond on opposing counsel.

We are entirely sympathetic with the proposition that in this day and age orderly procedure in the administration of justice dictates that *service* of a notice of appeal to the district court be required, just as it is in the case of an appeal from the district court to this court (G. S. 1949, 60-3306), but that is a matter for the legislature.

The rule-making power of the court of common pleas is found in G. S. 1961 Supp., 20-2014a, above, and is limited to the adoption of rules *not inconsistent* with the code. Under applicable provisions of the code, and as construed by decisions of this court, above set out, only *two* things are required in order to perfect an appeal from that court—filing of the notice of appeal and the statutory bond. This appeal was dismissed because a copy of the notice

and bond was not served on opposing counsel. As a *practical* matter, therefore, the *effect* of the rule of the court of common pleas—as so construed and enforced—is to make *service* an *additional* requirement for the taking of an appeal—and to that extent it is *inconsistent* with the code.

The order dismissing the appeal is therefore reversed.