No. 51,388

DEBORAH WILSON, *Appellee,* v. AMERICAN FIDELITY INSURANCE COMPANY, *Appellant.*

(625 P.2d 1117)

Opinion filed March 25, 1981.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, argued the cause and was on the briefs for the appellant.

*Donald W. Vasos,* of Scott, Daily & Vasos, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Deborah Wilson brought this action under the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 1980 Supp. 40-3101 *et seq.,* to recover overdue personal injury protection (PIP) disability benefits. American Fidelity Insurance Company (American) appeals from a judgment in the sum of $1,413.12, plus 18% interest and an attorney's fee.

Appellant American raises three points of alleged error: (1) refusal to permit it to take the deposition of Dr. Overesch; (2) refusal to permit plaintiff to be cross-examined concerning the

physical examination taken by Dr. Overesch; and (3) refusal to grant a continuance.

Plaintiff Wilson sustained injury in an automobile collision on September 29, 1978. Plaintiff was insured by American and became entitled to PIP disability benefits of $403.75 per month during the period of her disability. Payments were made also for medical expenses. PIP payments commenced September 29, 1978, but were terminated by American on February 1, 1979. Plaintiff contended that she was unable to engage in gainful activity until May 14, 1979, when she returned to work.

American requested that plaintiff submit to a physical examination to be given by Dr. Harry B. Overesch, M.D., 6400 Prospect, Kansas City, Missouri. The examination was completed on January 31, 1979, and benefits were then terminated. On March 23, plaintiff's attorney requested a copy of the Overesch medical report, made demand for reinstatement of PIP benefits, and requested that American review its files to determine the amount of disability benefits due. American refused to furnish a copy of the Overesch report unless and until plaintiff paid 50% of the charges incurred by American for the examination. On April 12, plaintiff filed suit. American answered and denied that further payments were due. On May 18, American filed a motion to take the deposition of Dr. Overesch for use as evidence. The motion to take the deposition was presented on June 6, and denied by the court. The court set the case for trial on June 20. American then mailed a copy of the Overesch report to plaintiff on June 11, without requiring the payment. On June 13 and 18, respectively, American filed written motions to take the deposition of Overesch and to continue the trial of the case. On June 20, the court denied these last two motions and tried the case. The sole witness was the plaintiff and the court refused to allow the attorney for American to cross-examine plaintiff concerning the Overesch examination. The report of Overesch was offered but was not admitted into evidence. Judgment was entered for plaintiff as previously stated and American appeals.

At the outset it should be noted this action was filed pursuant to the code of civil procedure for limited actions. K.S.A. 61-1701 *et seq.* As expressed in the code, the provisions of the act shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding. K.S.A. 61-1608.

Now turning to K.S.A. 1980 Supp. 40-3115 we see the provision of KAIRA relating to physical examinations to be taken at the request of an insurer or self-insurer. The injured person may be required to submit to a physical examination when such examination is "material to any claim that has been or may be made for past or future personal injury protection benefits." In such case the "cost of any such examination requested by an insurer shall be borne entirely by the insurer or self-insurer." The statute further specifies:

"Any such examination shall be conducted within the city or county of residence of the insured, but if there is no qualified physician to conduct the examination within such city or county, then such examination shall be conducted in an area of the closest proximity to the insured's residence." K.S.A. 1980 Supp. 40-3115(*a*).

Defendant does not contend there was no qualified physician in *Wyandotte County* or *Kansas City, Kansas, the residence of* plaintiff. The statute further provides:

"If requested by the person examined, the insurer or self-insurer causing the examination to be made shall deliver to such person a copy of every written report concerning the examination rendered by the examining physician, at least one (1) of which shall set out his findings and conclusions in detail." K.S.A. 1980 Supp. 40-3115(*b*).

So in the present case the insurance company violated the statute in three particulars: (1) it conducted the examination outside the city and county of plaintiff's residence; (2) it refused to furnish a copy of the examination with the physician's findings and conclusions; and (3) it attempted to shift one-half the cost of the examination to the plaintiff.

The insurance company places the blame for these violations upon its personnel and asserts the claims personnel in its office relied on the provisions of K.S.A. 1980 Supp. 40-3114. It asserts the claims personnel were not law trained and in reading K.S.A. 1980 Supp. 40-3114 they failed to realize it referred to reports of a treating "physician, hospital, clinic, or other medical institution providing . . . any products, services or accommodations in relation to that or any other injury." The insurance company's excuse serves only to explain its failure to comply with the statute and does not justify its violations.

In connection with appellant's first point of error, the court's refusal to permit it to take the deposition of Dr. Overesch, we turn

to K.S.A. 61-1710 relating to depositions in limited actions. This statute reads:

"Any party to an action pursuant to this chapter may take the testimony of any person, including a party, either within or without the state, by deposition upon oral examination or written questions *but only for use as evidence* in the action. Unless the court orders otherwise, the parties may by written stipulation provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions. The taking of such depositions shall be governed by the provisions of K.S.A. 60-228, subsections (*b*) through (*h*), inclusive, of K.S.A. 60-230, K.S.A. 60-231 and subsection (*d*) of K.S.A. 60-232, except that *any party desiring to take a deposition shall first file with the court, and serve on all other parties to the action, a motion that the taking of such deposition be allowed due to the existence of at least one (1) of the conditions prescribed in K.S.A. 61-1711 for the use of depositions as evidence.* Within five (5) days after any such motion has been made, any other party to the action may file an objection to such motion, and in such event, the court shall hold a hearing within five (5) days thereof to determine the issue. No deposition shall be taken unless and until the court shall have granted the motion requesting permission therefor." Emphasis supplied.

We note the taking of depositions in limited actions are limited for use as evidence and, absent written stipulations, may be taken only on order obtained from the court. Any party desiring to take a deposition shall first file with the court, and serve on all other parties to the action a motion that the taking of such deposition be allowed due to the existence of one of the conditions required in K.S.A. 61-1711. K.S.A. 61-1711(*a*) provides:

"At the trial, or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition of a witness, whether or not a party, so far as it is admissible under the rules of evidence, may be used for any purpose against any party who was present or represented at the taking of the deposition, or who had due notice thereof, if the court finds that:

"(1) The witness is dead; or

"(2) *the witness is outside of the county of the place of trial or hearing, unless it appears that the absence of the witness was procured by the party offering the deposition;* or

"(3) the witness is unable to attend or testify because of age, sickness, infirmity or imprisonment; or

"(4) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

"(5) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Emphasis supplied.

Appellant argues that the taking of the deposition falls within item (2) of the statute since Dr. Overesch resided outside the

county. Appellee counters that the choice of a doctor from outside the state to examine the injured party had the effect of procuring the absence of the witness from the state. Under K.S.A. 61-1711(a)(2), even if a witness is outside the state, the deposition of that witness need not be authorized when it appears the absence of the witness from the state was procured by the party seeking the deposition.

The court's decision on June 6, 1979, not to authorize the insurance company to take the deposition of Dr. Overesch or to use the doctor's report was journalized. In the journal entry the court found that the defendant directed plaintiff to be examined in Kansas City, Missouri; that it terminated PIP payments based on that examination; and that the company refused to give plaintiff a copy of said report unless she paid 50% of the cost of the examination. Based upon these findings the court concluded:

"1. Defendant has violated the clear and express provisions of K.S.A. (78 Supp.) 40-3115 in that it refused to deliver to plaintiff or her counsel a copy of the report of examination by Dr. Harry B. Overesch, M.D.; and required as a condition to furnishing said report that plaintiff pay 50% of the cost of Dr. Overesch's examination.

"2. Defendant has frustrated plaintiff's attempts to determine the reason for, or validity of, defendant's denial of benefits, and the Court should impose the sanction of excluding the testimony of, and evidence of any purported examination by, Dr. Harry B. Overesch, M.D.

"It is, Therefore, Ordered that defendant's motion to take the deposition of Dr. Harry B. Overesch, M.D., for use as evidence at trial is denied."

The limited action was then set for trial in two weeks, or on June 20, 1979. Although defendant thereafter furnished plaintiff with a copy of the Overesch report and filed a motion for continuance and a second motion for permission to take the deposition of Dr. Overesch, the motions were denied and the trial proceeded on June 20, as scheduled.

The action of the trial court had the effect of expunging the Overesch examination and report obtained in violation of the terms of the statute. The terms of the statute are clear. K.S.A. 1980 Supp. 40-3115 requires the examination to be conducted within the city or county of residence of the insured. The only exception is when there is no qualified physician within the county. Under the code of civil procedure for limited actions, the taking of depositions is not only limited for use as evidence but requires an order of the trial court authorizing the same on the basis of a

finding of the existence of one of the special circumstances listed in K.S.A. 61-1711.

We now must decide if the trial court abused its discretion in denying permission to take the deposition of Dr. Overesch. K.S.A. 1980 Supp. 40-3115 provides no penalty or sanction for a violation of the prohibitions in the statute.

By way of contrast, K.S.A. 1980 Supp. 40-3110 requires payment of PIP payments within thirty days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the same. The penalty for failure to comply with this section is set forth in the statute. All overdue payments draw simple interest at the rate of eighteen percent (18%) per annum. In K.S.A. 1980 Supp. 40-3111(*b*) it is provided that an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits which are overdue. The attorney's fee becomes a penalty charge against the insurer in addition to the benefits recovered, if the court finds the insurer unreasonably refused to pay the claim within the statutory thirty days.

K.S.A. 60-237 provides for the imposition of statutory sanctions when a party fails or refuses to comply with an order entered by a court in a pending action. This is not our present case. The violations of the statute in the present case occurred prior to the filing of any action. There was no failure or refusal to comply with an order of the court. However, a court has certain inherent powers it may exercise, those reasonably necessary for the administration of justice, provided these powers in no way contravene or are inconsistent with substantive statutory law. *Lehnen v. Hines & Co.,* 88 Kan. 58, 62, 127 Pac. 612 (1912); *State v. Brady,* 156 Kan. 831, 841, 137 P.2d 206 (1943); *Applehans v. Beever,* 189 Kan. 667, 671, 371 P.2d 127 (1962). Such inherent powers may be exercised as a means of enforcing obedience to a law which the court is called on to administer.

In the present case no sanction or penalty was provided in K.S.A. 1980 Supp. 40-3115 for failure to comply with its requirements. In such situation the court has inherent power to enforce obedience to the law it is called on to administer. The purpose of the code of civil procedure for limited actions is to secure the just, speedy and inexpensive determination of every action (K.S.A. 61-1608). The stated purpose of KAIRA is to provide prompt payment for accidental bodily injuries arising out of the owner-

ship, operation, maintenance or use of motor vehicles in lieu of liability for damages (K.S.A. 1980 Supp. 40-3102). Under the facts and circumstances of this case we hold the trial court did not abuse its discretionary powers in refusing to permit the defendant to take the deposition of the nonresident medical examiner.

It also follows that a party should not be permitted to accomplish indirectly what it cannot accomplish directly. Therefore, the court properly excluded evidence of the findings and conclusions of Dr. Overesch in his report which defendant sought to introduce through cross-examination and by affidavit attached to the report.

The final point raised concerns the refusal to grant a continuance. K.S.A. 61-1714 provides that:

"The court may, on its own motion or for good cause shown by any party, adjourn or continue an action at any stage of the proceedings for such period of time and upon such terms as may be just."

The ruling on a motion for continuance is discretionary with the trial court, and an order denying a motion for continuance will not be disturbed on appeal unless there is a clear showing of an abuse of discretion. An abuse of discretion for failure to grant a continuance exists only when no reasonable man would take the view adopted by the trial court. *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.,* 3 Kan. App. 2d 77, 82, 589 P.2d 643, *rev. denied* 225 Kan. 844 (1979).

Here, defendant has wholly failed to sustain its burden of establishing either good cause, or an abuse of discretion. Under KAIRA the plaintiff was entitled to prompt payment of PIP no-fault benefits. Approximately nine months had elapsed since the date of the accident, the action was pending for approximately ten weeks prior to trial, and any further delay was simply inconsistent with the stated purposes of KAIRA. Moreover, the court found that defendant had adequate time to investigate the circumstances of plaintiff's claim, and that any delay was due to its own misconduct.

Under the circumstances we cannot say the trial court abused its discretion in denying the motion for continuance filed two days before the trial date previously set. A trial court has considerable latitude in controlling its docket to avoid delay and expedite the orderly process of its business. *Logan v. McPhail,* 208 Kan. 770, Syl. ¶ 1, 494 P.2d 1191 (1972).

The judgment is affirmed.