(736 P.2d 947)

No. 59,334

STATE OF KANSAS, *Appellee,* v. CHARLES MCQUEEN, *Appellant.*

—

Opinion filed
February 26, 1987.

Before ABBOTT, C.J., JAMES P. BUCHELE, District Judge, assigned, and DANIEL L. HEBERT, District Judge, assigned.

BUCHELE, J.: The defendant, Charles McQueen, appeals the sentence imposed following his plea of guilty to charges of sale of cocaine, K.S.A. 65-4127a, and possession of marijuana with intent to sell, K.S.A. 1986 Supp. 65-4127b(b)(3). It should be noted that the information and journal entry in the record reference the offense of sale of cocaine as a violation of K.S.A. 65-4127b, not 65-4127a. Defendant has not raised the issue on appeal and does not contend he was unaware of the crime with which he was charged. Error in citation is not ground for dismissal of a charge or reversal of a conviction if the error did not prejudice the defendant. K.S.A. 1986 Supp. 22-3201(2). We find no error in charging the defendant or his conviction under 65-4127a.

Defendant entered into a plea agreement with the State in which he agreed to plead guilty to the two offenses and, in exchange, the State agreed to dismiss four other counts which it had filed against defendant. The plea agreement stated the following regarding sentencing:

"5. At the time of sentencing, the State agrees to make no specific recommendation with regard to sentencing, and specifically agrees not to seek consecutive sentences or enhancement of the penalties herein for any reason or [to make] any recommendation in excess of the minimum sentence authorized by law."

At sentencing, the State made the following comment:

"I know Mr. McQueen works hard because I've witnessed it, but what I don't understand is why they come into the court now and say, 'Judge, Mr. McQueen works so hard and he has—he's worked all these hours,' and yet Mr. McQueen is involved in a continuing series of acts that lead him to the Court here today."

Defendant contends the reference to "a continuing series of acts" is a direct reference to the charges which were dismissed as a result of the plea agreement, and the reference violates the State's agreement not to seek enhancement of defendant's sentence.

We find defendant's argument is without merit. The State's comment was ambiguous, at best. The two counts to which defendant pled involved a cocaine sale on April 4, 1985, and a marijuana sale on April 12, 1985. These incidents alone constitute "a continuing series of acts." There is no indication that the State was referring to the dismissed charges, and there is no indication that the trial court considered the dismissed charges in sentencing. The trial court noted the criteria for fixing minimum sentences found in K.S.A. 21-4606. In considering defendant's prior criminal activity, the court noted defendant's previous convictions but did not mention the dismissed charges.

Defendant appears to confuse the trial court's imposition of more than the minimum sentence with enhancement of sentence. The State did not seek enhancement of defendant's sentence under 65-4127b or under the habitual criminal act, K.S.A. 1986 Supp. 21-4504. The State made no specific sentencing recommendation. The prosecutor did state that he could not, in good conscience, ask the court to impose probation. The State did not seek any of the sentencing alternatives set out in the plea agreement, e.g., consecutive sentences, sentence enhancement, or a sentence in excess of the minimum authorized. The plea agreement did not prohibit the State from opposing probation.

The trial court correctly noted that the judge, and not the parties to a plea agreement, sets the sentence. "The trial judge, of course, is not bound by a plea agreement; he or she is charged with the responsibility of reaching an independent decision on whether to approve the charge or sentence concessions." State v. Compton, 233 Kan. 690, 698, 664 P.2d 1370 (1983). Defendant

has failed to show that the State's comment was contrary to the plea agreement or that it influenced the court, causing him prejudice.

The defendant next contends that K.S.A. 21-4606 prohibits the sentencing court from considering criminal activity not resulting in a conviction. As stated above, we find no indication in the record that the trial court considered the dismissed charges in imposing sentence.

In any event, it would not have been improper if the court had considered the dismissed charges in sentencing. K.S.A. 21-4606 allows the trial court to consider "the history, character and condition of the defendant," "[t]he defendant's history of prior criminal activity," and "the defendant's criminal conduct." The terms used in the statute imply a broader range of appropriate considerations for the court than does the term "conviction." The language of the statute is in marked contrast to sentence enhancement under 65-4127b and under the habitual criminal act, 21-4504, both of which require the trial court to make a finding from competent evidence that defendant has been previously convicted. See *State v. Myers,* 10 Kan. App. 2d 266, 274-75, 697 P.2d 879 (1985).

Consideration of criminal activity not resulting in a conviction is permitted under federal law. 18 U.S.C. § 3577 (1982) states:

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

This section "was enacted to permit the sentencing court to rely on information of alleged criminal activity for which the defendant had not been prosecuted. [Citation omitted.]" *United States v. Shepherd,* 739 F.2d 510, 515 (10th Cir. 1984). Federal law is consistent with Kansas law, which allows sentencing provisions to be "liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies." K.S.A. 1986 Supp. 21-4601. The trial court did not consider improper factors in sentencing.

Affirmed.