No. 60,646

STATE OF KANSAS, *Appellee,* v. NORDELL F. GLOVER, *Appellant.*
(763 P.2d·605)

Opinion filed October 28, 1988.

*Rick Kittel,* assistant appellant defendant, argued the cause, and *Benjamin C. Wood,* chief appellate defender, was with him on the brief for appellant.

*William E. Kennedy,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a criminal case involving the question of a trial court's discretion in imposing sentence. Defendant-appellant Nordell Glover appeals the sentence imposed following his guilty pleas to one count of rape (K.S.A. 1987 Supp. 21-3502) and to one count of aggravated kidnapping (K.S.A. 21-3421). We find no error and affirm.

The question for our review is: Did the trial court abuse its discretion in sentencing Glover to consecutive terms because of the trial judge's initial misunderstanding of the administrative regulations concerning the computation of good time credits and eligibility for parole?

Although the facts of Glover's crimes do not directly impact the question for review, they are highly summarized as background information.

Glover forced two women into the back of his camper-shelled pickup truck, drove to a remote area, and raped them both. He used a shotgun to facilitate the crimes. He repeatedly threatened to kill the women. Eventually the two women were released.

Glover was charged with seven felony counts. He pled guilty to the counts of aggravated kidnapping and rape. At sentencing on March 4, 1987, the trial judge noted that Glover would be eligible for parole in fifteen years regardless of whether he

received consecutive or concurrent sentences. The trial judge sentenced Glover to consecutive terms of life for aggravated kidnapping and fifteen years to life for rape.

The trial judge reviewed his conclusion regarding parole eligibility later that day, determined it was incorrect, contacted counsel, and scheduled a hearing for the next afternoon. Defense counsel filed a notice of appeal at 10:30 a.m. on March 5. At the March 5 hearing, the trial judge pointed out that the law he had relied on the day before had been amended. He specifically stated, however, that this misunderstanding of the law did not affect his decision to impose consecutive sentences.

Apparently, the trial judge relied on K.S.A. 22-3717 in erroneously determining that Glover would be eligible for parole in fifteen years regardless of whether his sentences were concurrent or consecutive. The trial judge apparently also relied on K.S.A. 22-3717a to arrive at his conclusion regarding parole eligibility, although that statute had been repealed in 1982.

Under K.S.A. 22-3717a(f)(3), a defendant would be subject to a maximum term of fifteen years prior to parole eligibility. However, the trial judge, upon review, realized that K.S.A. 22-3717, beginning with its 1984 amendment, no longer referred to K.S.A. 22-3717a. The maximum time period of fifteen years was no longer applicable.

K.S.A. 1986 Supp. 22-3717 was in effect at the time of sentencing.

Under K.S.A. 1986 Supp. 22-3717, Glover would not be eligible for parole until he served fifteen years for the aggravated kidnapping conviction plus the minimum sentence (less good time credits) for the rape conviction. Glover received a sentence of fifteen years to life for rape. Less good time credits, he must serve ten years, seven months, and fifteen days of this sentence prior to parole. K.A.R. 44-6-117. The rape sentence time, added to the fifteen-year requirement for the aggravated kidnapping, equals twenty-five years, seven months, and fifteen days. The trial judge's misunderstanding understated Glover's sentence by more than ten years.

At the March 5 hearing, the trial judge, in a comprehensive manner, explained the rationale of his sentencing decision.

Glover filed a motion to modify sentence in the trial court and a "Motion for Temporary Remand Order and Suspension of

Time to File Brief" with this court. We granted the motion. As a result of the remand, jurisdiction was vested in the trial court to hear the motion Glover had filed to review and modify his sentence.

At the hearing for 120-day review of sentence, the trial judge, in denying the motion to modify, adopted his previous clarification of Glover's sentence by reference and restated his commitment to consecutive sentences.

Glover contends that the court's misunderstanding of parole eligibility resulted in an erroneous sentence constituting abuse of discretion. "An abuse of discretion exists only when no reasonable man would take the view adopted by the trial court." *State v. Carmichael*, 240 Kan. 149, 157, 727 P.2d 918 (1986) (citing *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 422, 625 P.2d 1117 [1981]). "The familiar rule in Kansas is that a sentence imposed which is within the statutory limits will not be disturbed on appeal, provided it is within the realm of discretion on the part of the trial court and not a result of partiality or prejudice." *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987) (citing *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 [1986]).

Glover concedes that the sentences were within the limits set by law. Glover, although conceding a careful review by the trial judge of the sentencing criteria set out in K.S.A. 21-4606, (as suggested in *State v. Buckner*, 223 Kan. 138, 151, 574 P.2d 918 [1977]), asserts error at the 120-day review of sentence hearing because the trial judge mentioned several charges that were dismissed as a result of the plea bargain. This issue was addressed in *State v. McQueen*, 12 Kan. App. 2d 147, 149, 736 P.2d 947 (1987). *McQueen* held that under K.S.A. 21-4606 it is not improper to consider criminal activity not resulting in conviction. We agree and find no abuse of discretion.

The case of *State v. Slansky*, 239 Kan. 450, 453, 720 P.2d 1054 (1986), controls Glover's case. A trial judge's misunderstanding at sentencing of a criminal defendant's parole eligibility does not indicate the sentence imposed was an abuse of discretion if the sentence is within the *Slansky* guidelines. In *Slansky* this court noted that a sentence based on incorrect information is not an abuse of discretion so long as the sentence is: (1) within the limits prescribed by law; (2) within the realm of discretion; and

(3) is not the result of partiality, prejudice, oppression, or corrupt motive.

The trial judge carefully reviewed all the statutory sentencing factors, selected a sentence within the statutory limits, and explicitly stated that the erroneous statements regarding parole eligibility did not affect the decision on sentencing. The record is replete with references to Glover's danger to society and the improbability of his rehabilitation. There is no abuse of discretion.

Affirmed.