No. 70,727

STATE OF KANSAS, *Appellee*, v. MICHAEL L. O'NEAL, *Appellant*.
(889 P.2d 128)

Opinion filed January 27, 1995.

*Charles A. O'Hara*, of O'Hara, O'Hara & Tousley, of Wichita, argued the cause and was on the brief for the appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the defendant, Michael L. O'Neal, from the denial of a motion to modify sentence. This case is now entering its 11th year since the defendant was convicted by a jury and sentenced for one count of rape (K.S.A. 21-3502[a]) and one count of aggravated criminal sodomy (K.S.A. 21-3506[c][i]).

This appeal arrived here as follows. After the defendant was sentenced pursuant to the Habitual Criminal Act to concurrent terms of 30 years to life, he took a direct appeal. This court affirmed his conviction and sentence. *State v. O'Neal*, 238 Kan. 183, 708 P.2d 206 (1985). O'Neal then filed a timely post-appeal motion to modify his sentence. The same day he filed his motion to modify sentence in this case, criminal charges were filed involving two separate incidents which occurred while the defendant was out on bond during his direct appeal in this case. In the new case, the defendant was subsequently convicted of three counts of rape, three counts of aggravated criminal sodomy, and one count of attempted aggravated criminal sodomy.

The trial court considered the defendant's motion to modify in this case on the morning of April 29, 1986. That same afternoon, the defendant was sentenced on his seven felony convictions in the new case. The trial court denied the defendant's motion to modify sentence. The defendant did not appeal from the denial of the motion to modify sentence at that time.

The defendant did take a direct appeal from the seven felony convictions in the new case. This court reversed his convictions in an unpublished opinion, No. 59,576, filed May 1, 1987. Six of the convictions were reversed solely because of inappropriate comments by the trial judge that denied the defendant a fair trial. In July 1987, the State elected against a retrial and, "in light of the defendant's convictions and sentences in another case, as well as the availability of witnesses in the present case," requested the trial court to dismiss the case. The case was dismissed.

Some five years after the seven felony counts were dismissed, the defendant filed a notice of appeal from the denial of his motion to modify sentence in this case. This court denied the defendant's motion to docket the appeal out of time because his notice of appeal was not timely filed. The defendant then filed a motion in the trial court pursuant to K.S.A. 60-1507 attacking his sentence and the denial of modification, alleging that he was not informed of his right to appeal the denial of modification of his sentence. The trial court granted the 60-1507 motion as to the denial of modification, permitting O'Neal to appeal the modification issue out of time. The defendant's appeal from the denial of modification is the issue now before us.

The defendant's sole argument is that he is entitled to a new hearing on his motion to modify sentence for the reason that his original motion to modify sentence was denied in part because of his seven felony convictions (arising out of two incidents) which no longer exist.

The defendant argues that the trial court abused its discretion in denying his motion to modify by relying on his convictions which were later reversed on appeal and then dismissed. He asserts that it is improper to deny modification based on erroneous convictions. He cites no case law in support of this assertion. The

defendant also reasons that the circumstances surrounding his offense were mitigating in that the victim was his willing companion throughout the evening prior to the rape and aggravated criminal sodomy and in that his prior criminal involvement included only nonviolent theft offenses.

The trial court has discretion in modifying sentence and commits no error in refusing modification absent an abuse of discretion. See *State v. Bruce,* 255 Kan. 388, Syl. ¶ 8, 874 P.2d 1165 (1994).

"Judicial discretion is abused if judicial action is arbitrary, fanciful, or unreasonable. Stated another way, discretion is abused only if no reasonable person would take the view adopted by the trial court. If reasonable persons could differ regarding the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *State v. Brown,* 249 Kan. 698, Syl. ¶ 10, 823 P.2d 190 (1991).

The State asserts that reliance on criminal activity not resulting in conviction is not improper, citing *State v. Glover,* 243 Kan. 689, 763 P.2d 605 (1988), and *State v. McQueen,* 12 Kan. App. 2d 147, 736 P.2d 947 (1987).

In *McQueen,* the defendant pleaded guilty to two offenses pursuant to a plea agreement, and four other charges were dismissed. He contended that K.S.A. 21-4606 prohibited the sentencing court from considering criminal activity not resulting in a conviction. The Court of Appeals found no indication that the trial court considered the dismissed charges in imposing sentence, and then stated that, in any event, it would not have been improper to consider the dismissed charges in imposing sentence. The Court of Appeals pointed out that K.S.A. 21-4606 permits a sentencing court to consider the defendant's history, character, and condition; the defendant's prior criminal activity; and the defendant's criminal conduct. 12 Kan. App. 2d at 149. Unlike other statutes concerning sentence enhancement and the Habitual Criminal Act, which require the trial court to find that the defendant has been previously convicted, the language of K.S.A. 21-4606 is not limited to criminal activity resulting in conviction. Moreover, consideration of criminal activity for which the defendant has not been prosecuted or which has not resulted in con-

viction is permitted under federal law. *McQueen*, 12 Kan. App. 2d at 149.

This court cited *McQueen* in *Glover*, 243 Kan. 689. Glover argued that the trial court abused its discretion at the modification hearing by mentioning several charges that were dismissed as a result of a plea agreement. This court agreed with the *McQueen* court that in sentencing a convicted person it is not improper to consider criminal activity not resulting in conviction. *Glover*, 243 Kan. at 691.

When the sentence was imposed in this case, the criminal charges subsequently dismissed were not considered. Indeed, the new offenses had not yet been committed. The defendant had a criminal history that included a juvenile theft charge which resulted in his being placed in Lake Afton's Boys Ranch, from which he was subsequently transferred to Boys Industrial School in Topeka and served approximately one year. As an adult he had a felony theft conviction in Lyon County and a felony theft conviction in Sedgwick County. Six days after his conviction in this case (prior to sentencing), the Sedgwick County district attorney dismissed blackmail charges which were pending against the defendant. The defendant's rap sheet showed numerous arrests but no other convictions.

The trial judge could have sentenced the defendant to a maximum of 45 years to life for each offense and could have ordered the sentences to run consecutively. The trial judge chose instead to sentence the defendant to concurrent terms of 30 years to life.

At the hearing on the motion to modify sentence, the trial judge noted the psychological trauma suffered by victims of crimes of this nature and that the defendant indicated a complete lack of feeling for anyone other than himself. The trial judge had also attended much of the trial in the new case and, thus, had heard sworn testimony concerning the charges that were subsequently dismissed. Based on the record before us, we cannot say that the trial judge abused his discretion in 1986 when he denied the defendant's motion to modify sentence or that fundamental fairness requires a new hearing on the motion to modify sentence.

Affirmed.